SARAH C. WOLCOTT, Administratrix, *vs.* NEHEMIAH HODGE.

A debt resulting from the neglect of an attorney at law to pay over to his client money which he has collected for him is not a debt contracted while acting in a fiduciary capacity, and as such excepted from being discharged by a certificate under the United States bankrupt act of 1841.

A judgment obtained before the institution of proceedings under the United States bankrupt act of 1841 upon a debt which would not be barred by a certificate of discharge under such proceedings is barred by such a certificate.

DEWEY, J. In reply to the discharge in bankruptcy granted by the district court of the United States, under the U. S. St. of 1841, *c.* 9, and now set up as a bar to a recovery in the present action, the plaintiff relies upon the exception in that statute of all debts which " shall have been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity."

The first inquiry here is whether the facts bring the case within the exception. If it is so, it must be solely because the debt was created while the debtor was acting in a fiduciary capacity. The facts present the ordinary case of an indebtedness created by the collection of a debt or other demand by an attorney at law for his client, and who has neglected or refused to pay the same to his employer. The decided cases in relation to the debt of a factor who had sold the goods of his principal, and received the money therefor, seem to settle the present question. In *Chapman* v. *Forsyth*, 2 How. 202, it was held by the supreme court of the United States that a debt due from a factor for the proceeds of goods sold for his principal was not a fiduciary debt within the meaning of the statute. This was followed in the case of *Hayman* v. *Pond*, 7 Met. 328. The fiduciary debt there named is not one arising in the ordinary course of business, but from an abuse of some trust of a more technical character, as is clearly shown by the cases that are particularly named in the statute. The case of an attorney collecting money for his client is no more fiducial

than that of the factor who receives money for goods consigned by his principal, and, like the latter, must be held to have created a debt subject to be discharged by proceedings under the bankrupt law of 1841, *c.* 9.

But if the original indebtedness of the defendant was a fiduciary debt, and so within the exception in the bankrupt act, the character of that original debt has, by the act of the plaintiff in reducing the same to a judgment debt, been lost. The facts find that, before the institution of any proceedings in bankruptcy, the plaintiff had instituted an action in the courts of law and recovered judgment against the defendant for the amount of money so by him collected, thus reducing his implied promise to pay the money due to the plaintiff to a judgment debt. The effect of thus reducing a simple contract to a judgment has been considered in several cases, to which we will refer.

In *Sampson* v. *Clark*, 2 Cush. 173, it was held that such a judgment, obtained after the institution of proceedings in insolvency and the first publication thereof, so far changed the character of the simple contract debt, that it could not be allowed in either form as a debt provable under the commission; not as a simple contract, because that was discharged by the merger in the judgment; and not as a judgment, because that was obtained after the first publication.

The same principle was held in *Woodbury* v. *Perkins*, 5 Cush. 86, where a discharge under the bankrupt law of 1841, *c.* 9, was pleaded; and it was held that such a discharge, obtained by the debtor after the rendition of judgment against him, in an action commenced before his petition for the benefit of the bankrupt act, was no defence to an action on the judgment, such judgment not being a debt that was provable under the bankrupt act. In the present case the objection is broader, as the plaintiff's claim was made a debt under a judgment before the institution of proceedings in insolvency. A change at any time from a simple contract to a judgment destroys the peculiar privileges which may attach to a simple contract debt as fiduciary, or as a contract for necessaries and the like exempted debts.

The case of *Rindge* v. *Breck*, 10 Cush. 43, is more directly in point, where an account for necessaries, which was a privileged debt, was discharged or merged by giving a promissory note of hand; and, upon a suit instituted upon such note, a discharge under our insolvent laws was held a good bar, although to the original indebtedness it would not have been. The court say: " The note was taken by the plaintiff at his own election. By taking it, he obtained the advantage of conclusive proof of his debt, and the power of negotiating it; by retaining his original demand, he would have had the advantage of proving his debt, or retaining his cause of action against his debtor, in case of insolvency. But we think he could not retain both; and, by electing one, he relinquished the other."

In *Bangs* v. *Watson*, 9 Gray, 211, to a plea of a discharge in insolvency the plaintiff replied that the debt was within the provision excluding from the operation of a discharge " any claim for necessaries furnished to such debtor or his family." But it appearing that the original debt had been made the subject of a suit at law, and a judgment rendered before the institution of proceedings in insolvency, it was held that the claim was merged in the judgment, and no longer the subject of exemption from a discharge as a claim for necessaries.

This case was followed by that of *Pierce* v. *Eaton*, 11 Gray, 398, which was an action upon a judgment recovered in 1841; and a discharge under the insolvent law of 1838, *c.* 163, being pleaded, the plaintiff sought to avoid the same, by showing that the original indebtedness was a debt due and owing to the plaintiff before the enactment of the *St.* of 1838, *c.* 163, and exempt for that reason, such debts being by the statute directly excepted from its operation. It was conceded that under the statute it would have been exempted, had the debt retained its original character; but the court held that the original debt was merged in the judgment; that the plaintiff, after the passage of the insolvent law, having changed his outstanding debt into a judgment, it lost its character as a debt contracted before the passage of the statute, and all the privileges connected therewith, and was the subject of a discharge.

Applying the principles settled by the cases cited, it would seem that the exemption from discharge, attaching to an original indebtedness, may be lost by the creditor, if he elects to change the character of the debt by reducing it to a judgment or debt of record.

Upon this ground therefore, as well as upon that first considered, the court are of · opinion that the discharge was admissible in evidence, and that the ruling in reference to its effect was correct. *Exceptions overruled.*

*J. C. Wolcott,* for the plaintiff.

*H. L. Dawes,* for the defendant.