NATIONAL BANK & LOAN CO. et al. v. SPENCER et al.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

**1. BANKRUPTCY—VOLUNTARY BANKRUPTS—PETITION—JUDGMENT WITHIN FOUR MONTHS—BEGINNING OF ACTION—NULLIFYING LIEN—CONFLICT.**

Since Bankr. Act, c. 1, defines persons against whom petitions in bankruptcy have been filed as including those who have filed voluntary petitions, section 67, subd. "f," declaring all judgments against an insolvent who shall be adjudged bankrupt void if obtained within four months of the filing of a petition in bankruptcy against him, and that the property affected thereby shall be discharged and pass to the trustee as a part of the estate, applies to voluntary bankrupts, and nullifies the lien of a judgment obtained against an insolvent, afterwards adjudged bankrupt, within four months of his filing a voluntary petition, though the action in which such judgment was rendered was begun before such four months, notwithstanding its apparent conflict with subdivision "c," providing that a lien arising from a suit begun within four months before the filing of a petition in bankruptcy by or against an insolvent shall be dissolved by the adjudication of his bankruptcy.

**2. SAME—INSOLVENCY.**

A debtor, whose conveyance to his wife was attacked by his creditors for fraud, and whose remaining property was insufficient to pay his debts,

was insolvent, within Bankr. Act, c. 1, § 1, subd. 15, declaring a person in-
solvent whose property, exclusive of that conveyed in fraud of creditors,
is insufficient in amount, at a fair valuation, to pay his debts.

Appeal from trial term.

Action by the National Bank & Loan Company and another against
Henry O. P. Spencer and others to set aside conveyances for fraud.
One Hugo, having been appointed and qualified as trustee in bank-
ruptcy of defendant Henry O. P. Spencer, was impleaded as a de-
fendant; and from a judgment in favor of plaintiff the Bank of Phila-
delphia and defendants Henry O. P. Spencer and Emily Spencer ap-
peal. Reversed as to the defendant trustee. Affirmed as to defend-
ant Emily Spencer.

The Bank of Philadelphia commenced an action on a promissory note
against the defendant Henry O. P. Spencer May 26, 1898. An answer was
interposed, and judgment by default was entered October 26, 1899, for $4,557.47
damages and $90.80 costs. The action of the National Bank & Loan Company
against said defendant was commenced November 23, 1898, and judgment was
entered December 16th of that year. This action was commenced February 3,
1899, to set aside certain conveyances made by the judgment debtor to his
wife, the defendant Emily, in March and April, 1897, and also the assignment
of a mortgage of said debtor to his daughter Ella A. Martin, on the ground
they were made to hinder, delay, and defraud his creditors. February 7, 1899,
Spencer filed his petition in bankruptcy, and was adjudged a bankrupt; and
the defendant Hugo was appointed and qualified as trustee in that proceeding,
and was brought in as defendant in this action. Apart from the property that
Spencer conveyed and transferred as aforesaid, he did not have sufficient prop-
erty to pay his debts.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and
LAUGHLIN, JJ.

Elon R. Brown, for appellants.
Henry Purcell, for respondents.

SPRING, J. The only question in this case is whether the judg-
ment of the plaintiff, having been recovered within four months prior
to the filing of the voluntary petition in the bankruptcy proceeding,
is void, within subdivision "f" of section 67 of the national bank-
ruptcy act. That section reads, in part, as follows:

"That all levies, judgments, attachments, or other liens, obtained through
legal proceedings against a person who is insolvent, at any time within four
months prior to the filing of a petition in bankruptcy against him, shall be
deemed null and void in case he is adjudged a bankrupt, and the property
affected by the levy, judgment, attachment, or other lien shall be deemed wholly
discharged and released from the same, and shall pass to the trustee as a part
of the estate of the bankrupt."

The difficulty arising over the interpretation of this subdivision has
been due, in the main, to its conflict with subdivision "e" of the
same section, from which we make the following extract:

"A lien created by or obtained in or pursuant to any suit or proceeding at
law or in equity, including an attachment upon mesne process or a judgment
by confession, which was begun against a person within four months before
the filing of a petition in bankruptcy by or against such person, shall be dis-
solved by the adjudication of such person to be a bankrupt."

It is urged that this subdivision was intended not to apply to ac-
tions commenced more than four months before the filing of the peti-

tion in bankruptcy, although the judgment or lien was not created until within the inhibited period, and that subdivision "f" is not in contravention of this section, as it relates solely to the involuntary proceedings under the bankruptcy law, as it in terms applies only to a petition filed against the bankrupt. The earlier cases in the United States district courts gave this construction to the law. In re O'Connor, 2 Nat. Bankr. N. 90, 95 Fed. 943; In re De Lue, 1 Am. Bankr. R. 387, 91 Fed. 510. An examination of the act, however, carries its own condemnation to this interpretation. The first definition given in chapter 1 of the act is that " 'a person against whom a petition has been filed' shall include a person who has filed a voluntary petition." This clearly has reference to the expression wherever used in the act, and it appears in subdivision "e" of this section; making it plain that, so far as the use of this term is concerned, it has application to voluntary proceedings as well as those instituted by creditors. The trend of the recent authorities is quite unanimous in giving this construction to the language, and that subdivision "f" controls. The effect of this is that any judgment or lien obtained within four months antecedent to the filing of the petition in bankruptcy is null and void if the debtor is adjudged a bankrupt. In re Richards, 3 Am. Bankr. R. 145, 37 C. C. A. 634, 96 Fed. 935; In re Dobson (D. C.) 98 Fed. 86; In re Vaughan (D. C.) 97 Fed. 560; Bear v. Chase, 40 C. C. A. 182, 99 Fed. 920; In re Spacht, 2 Nat. Bankr. N. 238; In re Rhoads, 3 Am. Bankr. R. 380, 98 Fed. 399. The aim of a bankrupt law is to secure the distribution of the assets of the insolvent equally among his creditors. In considering antagonistic provisions of an act of this character, that central purpose should have its weight. No substantial reason occurs to us why there should be any distinction made between the two classes of proceedings provided for in the act. The bankruptcy court takes possession of the bankrupt's property and administers upon it in either event. While much may be said in favor of the diligent creditor, his diligence is not recognized by this law. The lien created 3 months and 29 days before the filing of the petition in bankruptcy is within the condemnation of the act as effectually as that of the tardy pursuer of the insolvent, whose judgment was docketed the day preceding that event. The time fixed by the act in which it reaches back and nullifies liens is arbitrarily designated. The intent of the act is to bring all liens of creditors within its grasp during the inhibited period. While this probably eliminates the effect of the provision quoted from subdivision "c," it seems to accord with the general policy of the law, and is certainly in harmony with the authorities in the United States district and circuit courts of appeals, although the question does not seem to have been passed upon by the United States supreme court.

It is conceded that, when Spencer transferred his property to his wife, "he did not have enough remaining property to pay his debts." He was then insolvent, within the definition in subdivision 15, § 1, c. 1, of the national bankruptcy act, which reads as follows:

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may

have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

The judgment as to defendant Hugo as trustee is reversed, and a new trial ordered, with one bill of costs and disbursements of this appeal to the appellants to abide the event; and the judgment is affirmed, with costs, as to defendant Emily Spencer. All concur, except WILLIAMS, J., not sitting.