(37 Misc. Rep. 230.)

### In re BENEDICT.

(Supreme Court, Special Term, Saratoga County. February, 1902.)

1. BANKRUPTCY—JUDGMENT LIEN—RELEASE.

　Bankr. Law 1898, § 67f, provides that all judgments and attachments obtained in legal proceedings against an insolvent within four months before filing of a petition in bankruptcy against him shall be deemed null and void, if he is adjudged a bankrupt, and the property affected shall be deemed wholly discharged from the same, and shall pass to the trustee. *Held* that, where a judgment is recovered against a bankrupt within such four months, the judgment creditor loses any lien he may have acquired thereunder, and the trustee is entitled to the property or its proceeds whether the judgment is of a character which the bankrupt's discharge releases or not.

2. SAME—DISCHARGE OF BANKRUPT.

　A judgment against a bankrupt for converting moneys received by him on sales on commission is released by his discharge; it not being within any of the exceptions created by Bankr. Law, § 17, subds. 2, 4, providing that judgments in actions for fraud or obtaining money on false pretenses, or for malicious injuries, or debts created by fraud or embezzlement or while acting in a fiduciary capacity, shall not be discharged.

In the matter of the application of John H. Benedict, trustee in bankruptcy of Thomas S. Fuller, to discharge the real property of the bankrupt from the lien of a judgment, and for a direction that the money collected by the sheriff under the judgment shall be paid to him, as such trustee. Granted.

Jesse Stiles, for the motion.
Tracy, Chapman & Tracy, opposed.

HOUGHTON, J. On the 8th of April, 1901, Dwight H. Foster recovered a judgment against Thomas Scott Fuller, under the name of Scott Fuller, for $654.12 damages and costs. On the 5th of August following, and within four months after the recovery of said judgment, Fuller was adjudged a bankrupt, and John H. Benedict was thereafter appointed trustee of his estate, and duly qualified. In April, soon after the entry of the judgment, execution was issued to the sheriff of Saratoga county, and he collected from the personal property of the defendant certain moneys, which are now in his hands, and levied upon and advertised for sale certain real property, which has not yet been sold, but the advertisement for the sale of which has been continued from time to time. The bankruptcy court has issued restraining orders against the sheriff from paying over said moneys collected from the personal property of the bankrupt to the judgment creditor; and the trustee now makes this motion to discharge the real property from the lien of the judgment, and for a direction that the moneys in the hands of the sheriff, collected by virtue of said judgment, be paid to him as such trustee, and that the judgment be declared null and void. The judgment creditor opposes this, urging as his grounds therefor that the judgment and the cause of action upon which it was obtained is one not dischargeable in bankruptcy, because the action was for, and the judgment obtained upon, a conversion of moneys held by the defendant in a fiduciary capacity,

belonging to the plaintiff. There is no doubt that the bankrupt was insolvent at the time of the obtaining of the judgment and the making of the levy, and when he filed his petition in bankruptcy.

Section 67, subd. "f" of the bankrupt law is as follows:

"That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless," etc.

The judgment creditor urges that this provision of the bankrupt law has no application to a voluntary bankruptcy. The case of Loan Co. v. Spencer, 53 App. Div. 547, 65 N. Y. Supp. 1001, is a direct authority to the contrary, and holds that the section applies to voluntary as well as involuntary proceedings in bankruptcy. The bankrupt being insolvent, and the judgment and levy having been procured and made within the four months preceding the adjudication of bankruptcy, it would seem that there was no question but what the lien of the judgment creditor's judgment must be released, and that the sheriff must pay over to the trustee the proceeds of the sale of the personal property obtained under the execution.

The judgment creditor contends that his judgment is one in tort, not affected by bankruptcy proceedings, and that therefore this provision of the bankrupt law does not apply. So far as a judgment creditor who obtains his judgment within the four months preceding the adjudication of bankruptcy is concerned, I think it makes no difference whether his judgment is one that is affected by the discharge in bankruptcy, or whether it is not. A fair interpretation of the bankrupt law would not give, I think, one holding a judgment not released by discharge in bankruptcy priority over other creditors of the bankrupt, because he chanced within the four months to obtain his judgment and issue an execution. The statute is that all liens and judgments, where the bankrupt was insolvent at the time, are released by the bankruptcy proceedings. Whether the judgment is one that the discharge finally operates upon, or not, does not change the situation. A judgment creditor whose judgment is not released by the discharge of the bankrupt is not given preference over general creditors in this regard, and ought not to be allowed to have a lien not granted to general creditors. He has the advantage of preserving his judgment and the issuing of execution against the person, which is all the bankrupt law affords him. But it seems from the authorities that the judgment herein is not one which is excepted from the discharge in bankruptcy. The complaint alleges that the defendant entered into a contract to act as agent for the plaintiff in the sale of fertilizers upon a commission; that he was to account for the sales of goods consigned to him, and deliver over such notes as he might have taken, and pay over such money as he might have collected; that he paid a portion, and failed to pay the balance. The findings of fact, judgment having been taken by default, are in conformity with these allegations, except that the final conclusion of law recites

that the defendant embezzled and fraudulently misapplied, while the agent of the plaintiff, and while acting in a fiduciary capacity towards him, the moneys for which the judgment is given. It is manifest that the action is one for the conversion of money by the defendant, received by him as sales agent for the plaintiff. The language of the conclusion of law does not change the character of the action.

The bankrupt law provides:

"Section 17a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another."

This section of the bankrupt law has been recently construed by the appellate division for the First department, in Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007, in which it was held that a judgment obtained in an action for the conversion of goods was one discharged in bankruptcy, and not within the exception of the act. In Re Basch (D. C.) 97 Fed. 761, Brown, district judge, construed the exception not to include a claim against a merchant who failed to account for the value of goods consigned to him for sale on . commission, on a contract to return the goods or their specific proceeds, and held that such a claim could not be said to be created by the bankrupt's fraud, embezzlement, misappropriation, or defalcation while acting in a fiduciary capacity, and hence was released by the bankrupt's discharge. In Bracken v. Milner, 5 Am. Bankr. R. 23, 104 Fed. 522, in an exhaustive review of the authorities, Phillips, district judge, decides that the debts referred to in section 17, subd. 4, above quoted, are those arising in the administration of a technical trust, and do not include a debt due by reason of the failure of a bankrupt to remit money collected by virtue of a mere contract of agency to collect and pay over to his principals money loaned by him for them. In Knott v. Putnam, 6 Am. Bankr. R. 80, 107 Fed. 907, it is held that a debt arising from nonpayment by a cotton broker of proceeds from cotton purchased and sold by the bankrupt is dischargeable, and not within the exception. The theory of the above decisions is that, although conversion may be an implied fraud, yet the term "fraud," as used in the bankrupt law, means a positive fraud,—a fraud in fact,—which is the gravamen of the action, and not implied fraud, or fraud in law, and that the term "fiduciary capacity," as used by the statute, refers to technical trusts, and not those which the law implies from contract. These decisions are based not only upon the strict language of the bankrupt act, but upon the holdings of the courts under the former bankrupt law. The provision of that law was, as to exceptions from discharge, as follows:

"No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation. as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy."

Under the above provision it was held in Mulock v. Byrnes, 129 N. Y. 23, 29 N. E. 244, that a judgment recovered on an indebtedness incurred by failure to pay over rents collected by the bankrupt as agent was barred by his discharge in bankruptcy; the court

holding that such a cause of action was not created by the defendant while acting in a fiduciary capacity within the meaning of the provisions of the bankrupt act. In the above case the court said:

"It has been frequently held in cases of controlling authority that the language of the bankrupt law does not apply to cases of implied trusts, but only to those technical trusts which are actually and expressly constituted by the parties." And further: "That the evidence and the affidavits in the case under consideration 'show no other or different trust or fiduciary relation than such as may be said always to exist in a case of agency. In every such case there is an element of trust and confidence, so that a breach of duty may be said to be a breach of trust, but the agent is nevertheless not a fiduciary, within the meaning of the bankrupt act.'"

This decision was based upon the holding of the court of appeals, affirmed by the United States supreme court, in Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 565. In that case the pledgee of stocks, held as security for a liability incurred by him for the pledgor, thereafter hypothecated the stocks to secure a debt due from himself to another; and, having failed to return to the pledgor such stocks when the liability on such obligation had ceased, it was held he was not thereby guilty of fraud or embezzlement, and that the debt had not been incurred in a fiduciary capacity, so as to bar his discharge under the provisions of the bankrupt law.

In the present case the bankrupt did not come into possession of the goods of the plaintiff by fraud or false representations. They were consigned to him, and his possession was a lawful one. By his contract with the plaintiff, it became his duty to account for the proceeds of sales made by him. He failed to do this, and converted the money to his own use. It would seem, under the authority of the above cases, that the judgment was one which was dischargeable by bankruptcy proceedings. Under both theories, therefore,—that the debt is one dischargeable by bankruptcy proceedings, and that, if it is not, it has no preference over other debts,—the motion must be granted.

The motion by the trustee that the sheriff pay over to him the proceeds of the sale of the personal property realized under execution, and release his levy upon the real property, is granted. The plaintiff in the action, however, has the right to retain his judgment against the bankrupt for the purpose of showing the amount of his claim against him, and for that reason it ought not to be set aside, and that part of the motion is denied. No costs to either party.

Ordered accordingly.