## NESSIE MARGARET McKITTRICK v. WILLIAM F. CAHOON.[1]

May 29, 1903.

Nos. 13,457—(69).

### Judgment in Bastardy Proceedings.

Where by an order in bastardy proceedings the putative father of a natural child was required to pay a monthly stipend for its support, and upon refusal a final money judgment was obtained for the total amount due, the rights of the person entitled to recover under the order of filiation were merged in the judgment, and the debt evidenced thereby was not excepted from the operation of the bankruptcy act of 1898, § 17.

### Discharge in Bankruptcy.

Whether such judgment would be excepted from the discharge in bankruptcy by the amendment to subdivision 2 of section 17, bankruptcy act of 1903, quære.

[1] Reported in 95 N. W. 223.

Appeal by defendant from an order of the district court for Redwood county, Webber, J. Reversed and remanded.

*Bowers & Howard*, for appellant.

*M. E. Mathews*, for respondent.

LOVELY, J.

In 1878 defendant was adjudged to be the putative father of a natural child, and charged with its maintenance until fifteen years of age, to the extent of $6 per month, to be paid to the mother each month, in advance, under G. S. 1866, c. 17, §§ 6, 7 (G. S. 1894, §§ 2044, 2045). No payments were ever made. In 1896 the mother assigned her rights under the order of filiation to plaintiff, and in 1897 the latter commenced an action to recover the total sum which should have been paid by defendant. Thereafter, and on April 28, 1898, judgment was obtained and docketed in plaintiff's favor for $2,273. On December 30, 1899, defendant was duly adjudged a bankrupt by the United States District Court for Minnesota (the judgment having been scheduled), and he was, upon hearing, discharged from all debts and claims provable against his estate which existed on March 10, 1899. After the discharge a motion was made in behalf of defendant, in the proper state court, to have the judgment satisfied and discharged of record, under Laws 1899, p. 306 (c. 262), which was denied. From this order, defendant appeals.

The learned trial court was of the opinion that this judgment, upon the grounds of public policy and just necessity, retained all the legal attributes of the original order for maintenance, and therefore was not provable in the bankruptcy court. Undoubtedly the authorities justify the view that an original order for the support of an illegitimate child will not be discharged in bankruptcy proceedings. There are likewise authorities that hold that orders for alimony would not be excepted from a discharge in bankruptcy. Brandenberg, Bankr. c. 4 (section 4 of note, page 156); In re Baker (D. C.) 96 Fed. 954; In re Hubbard (D. C.) 98 Fed. 710; Hawes v. Cooksey, 13 Ohio, 242; Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735. These decisions are placed upon the ground that such claims are uncertain, and of the nature of police regulations,

involving the authority of courts to enforce their orders for the protection of public welfare and good government; but the question here is of a different character, and must be controlled by the express terms of the bankruptcy act in force at the time of defendant's discharge. The only exceptions to relief from the obligations of claims as therein recognized were, first, taxes; second, judgments for fraud, false pretenses, wilful and malicious injuries to personal property; third, those not scheduled in time for allowance; and, fourth, results of fraud, embezzlement, misappropriation, or defalcation in office or in a fiduciary capacity. National Bankruptcy Act 1898, § 17 (Act July 1, 1898, c. 541, 30 St. 550, 551, [U. S. Comp. St. 1901, 3428]).

It seems very clear that the final judgment in this case does not fall within either of these exceptions, and it is also equally clear that, by securing the judgment, plaintiff acquired valuable and substantial rights in having it docketed, which would make it a lien upon real estate—the right to have supplemental proceedings or maintain a creditors' suit, with other privileges incident only to the highest obligation which the law recognizes—but there are no processes, and there could be none, upon constitutional grounds, in this state, by which a judgment for money only could be enforced by imprisonment, even though the judgment is rendered for amounts due on an order of filiation, which fixes the nature of the obligation without reference to the character of the claim upon which it is founded. After the judgment, obviously, there cannot be two distinct claims; and sound policy has led to the adoption of the rule that, where a precedent liability is made the basis of a final money judgment, the rights of the parties are merged in what the law treats as the higher obligation. 1 Freeman, Judgm. §§ 215–217. In the application of this principle to the question presented here, it must be held that by obtaining the judgment the plaintiff elected to stand thereon alone, with all the rights acquired thereby, and subject to all the burdens which insolvency and bankruptcy laws may impose. Therefore the plaintiff, by putting her floating claims into judgment, established a debt of a different nature in material respects, and of a character

89 M.—25

that subjects it to bankruptcy supervision. Hence it is within the authority of Congress alone to give her relief from the discharge it authorizes. Wolcott v. Hodge, 81 Mass. 547; Manning v. Keyes, 9 R. I. 224; Comstock v. Grout, 17 Vt. 512; In re Benedict (37 Misc. 230) 75 N. Y. Supp. 165. The liability of the debtor is affected by his judgment, and while the bankruptcy law might except a judgment rendered for maintenance, as it has for fraud in certain cases, it is sufficient for the disposition of this case to say that at the time of defendant's discharge it had not done so.

In 1903 Congress amended section 17 of the bankruptcy act by adding to subdivision 2, as it then read, a provision also excepting claims for debts "for alimony due or to become due or for maintenance or support of wife or child." Act February 5, 1903, c. 487, § 5 (32 St. 798). Whether this amendment would apply to a judgment based on the nature of plaintiff's original claims, we are not required to determine, for the discharge relied upon here was obtained before the amendment; and, while we recognize the high moral obligation and duty of the father to fulfil his natural duties in the support of his offspring which may have been recognized by Congress in this amendment, we are unable to agree with the learned trial court that the final judgment upon which plaintiff relies was not extinguished by the debtor's discharge in the bankruptcy court.

Order reversed and case remanded.