---

### WREDE v. CLARK et al.

(Supreme Court, Appellate Division, First Department.   May 14, 1909.)

1. BANKRUPTCY (§ 143*)—STOCK EXCHANGE—PROPERTY IN SEAT.

The property right which pertains to a seat on the New York Stock Exchange is one which, subject to the rules of the Exchange Board, passes to a receiver or trustee in bankruptcy during the member's lifetime, though the membership is personal to the member.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 202;  Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 196*)—PROPERTY VESTING IN TRUSTEE.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), provides that liens obtained through legal proceedings within four months prior to the filing of a petition in bankruptcy shall be void.   Code Civ. Proc. § 2469, provides that title to the judgment debtor's property in supplementary proceedings shall vest in the receiver as of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·the time of service of the order for examination. An order in supplementary proceedings was served November 8, 1906, and a receiver was appointed and qualified February 27, 1907. On June 6, 1907, a trustee in bankruptcy was appointed for the judgment debtor on his petition. *Held*, that the receiver's title to the property rights in a Stock Exchange seat belonging to the debtor related back to the service of the order in supplementary proceedings which was had more than four months before the filing of the petition in bankruptcy, and the proceeds of the sale of the seat after paying indebtedness due other members of the Exchange, which were a prior charge thereon under the Exchange rules, being insufficient to pay the judgment represented by the receiver, the receiver was entitled to the whole surplus, and the trustee in bankruptcy to nothing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 316; Dec. Dig. § 196.*]

**3.** BANKRUPTCY (§ 196*)—PROPERTY VESTING IN RECEIVER—LACHES—EFFECT ON TITLE.

The receiver having a valid lien on the Exchange seat, his failure to vigorously assert his rights and have the seat sold did not affect his rights; the situation of the trustee and receiver not being changed by the failure.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 316; Dec. Dig. § 196.*]

**4.** BANKRUPTCY (§ 196*) — LOSS OF RIGHTS IN PROPERTY — FILING CLAIM AGAINST DEBTOR IN BANKRUPTCY COURT.

The receiver holding title to the debtor's property and any lien thereon being vested in him and not in the judgment creditor, a claim filed by the judgment creditor in the bankruptcy court, stating that a judgment had been obtained ·against the bankrupt which had not been paid, that neither he nor any one in his behalf had any security for the debt, that a receiver had been appointed in supplementary proceedings by him, did not amount to a surrender of such security or title as the receiver had, nor to an election to proceed alone in the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 315, 316; Dec. Dig. § 196.*]

Appeal from Special Term, New York County.

Action by John A. Wrede, receiver of William S. Alley, against William L. Clark, trustee in bankruptcy of William S. Alley, and another. Judgment for defendant (61 Misc. Rep. 530, 113 N. Y. Supp. 609), and plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Albert Ritchie, for appellant.

Albert C. Aubrey, for respondents.

HOUGHTON, J. William S. Alley was a member of the New York Stock Exchange, and possessed of whatever property rights pertained thereto on the 8th day of November, 1906, when an order in supplementary proceedings was served upon him in behalf of William Oothout, a judgment creditor, to the extent of upwards of $23,000 upon whose judgment execution had been duly issued and returned unsatisfied. These proceedings supplementary to execution culminated in the appointment of a receiver and his qualification on the 27th day of February, 1907. On examination of the judgment debtor, his ownership of the Stock Exchange seat was disclosed as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

well as a large indebtedness on his part to various fellow members of the Exchange, under the rules of which such sums were to be first paid from the proceeds of sale of the seat, provided such sale should be permitted. On the 7th of March, 1907, the receiver gave notice to the Stock Exchange officials of his appointment and qualification, and served upon them a certified copy of his order of appointment. On the 3d day of May, 1907, Alley filed a voluntary petition in bankruptcy, which resulted in an adjudication that he was a bankrupt, and on June 6th following in the appointment of the defendant Clark as trustee, who duly qualified and also notified the Stock Exchange officials of his appointment. On the 5th day of August following Alley died, and on the 8th day of August the Stock Exchange authorities sold his seat for the sum of $73,000, paying from such proceeds such amounts as were due the Exchange and the members thereof, after which there was left a surplus of upwards of $9,000. This surplus the plaintiff claimed belonged to him as receiver, and the defendant trustee insisted that it belonged to him as trustee in bankruptcy. The Stock Exchange authorities were willing to pay it to whichever had title thereto, and this action was brought to determine that question, and resulted in a judgment of the court that it belonged to the trustee in bankruptcy, and, from such judgment, the plaintiff receiver appeals.

The character of the property right which pertains to a seat on the New York Stock Exchange has been frequently before the courts, and it must be deemed authoritatively determined that such property right is one which, subject to the rules of the board, passes to a receiver or to a trustee in bankruptcy as the case may be. Matter of Hellman, 174 N. Y. 254, 257, 66 N. E. 809, 95 Am. St. Rep. 582. The membership is personal to the member, but the inchoate right of sale if it may be so termed, and the right to the proceeds of the sale, if the Stock Exchange authorities shall permit that to be done, is a property right and a valuable one. Section 67f, Bankr. Act July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), provides that all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy by or against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected thereby shall be discharged and released, and shall pass to the trustee freed therefrom. Of course, the converse of the law is true, and, in case such liens are obtained or the property transferred more than four months prior to the filing of the petition in bankruptcy, the trustee cannot take the property freed from such liens or freed from such title. The plaintiff was appointed and qualified as receiver within four months from the filing of the petition in bankruptcy, but the supplementary proceedings which resulted in his appointment were begun prior to four months of the filing of such petition.

The question for determination is whether the service of the order in supplementary proceedings upon the judgment debtor prior to the four-month period created a lien upon his property rights in the

seat on the Stock Exchange, so that, if the trustee in bankruptcy took anything, he took it subject to such lien, or whether, although the plaintiff was appointed and qualified as receiver during the four months period, his title to the judgment debtor's rights in the seat related back to the commencement of the proceedings instituted by service of the order on the judgment debtor, so that no title whatever passed to the trustee in bankruptcy. We are of the opinion that a lien was created as of the commencement of the proceedings, and that, the surplus being insufficient to pay the judgment represented by plaintiff, the trustee in bankruptcy was entitled to no part of it, and that all of it should have been awarded to the plaintiff receiver.

Section 2469 of the Code of Civil Procedure prescribes that where a receiver in supplementary proceedings has been appointed and has duly qualified, so that title to the property of the judgment debtor shall become vested in him, such title extends back by relation for the benefit of the judgment creditor in whose behalf the special proceeding was instituted to the time of the service of the order for examination, and that such title by relation back to the time of the commencement of the proceedings shall be good as against all persons except a purchaser in good faith without notice and for a valuable consideration or the payment of a debt due the judgment debtor in good faith and without notice. The language of the section is plain, and the courts have not attempted to construe it other than literally, but have held that, upon the appointment of a receiver in supplementary proceedings and his qualification, he takes the legal title to all the personal property of the judgment debtor, whether in his hands or in the hands of others, as of the date of service of the order in supplementary proceedings, except as to purchasers in good faith or a debtor who has paid his debt in good faith. Ward v. Petrie, 157 N. Y. 301, 307, 51 N. E. 1002, 68 Am. St. Rep. 790. The commencement of the proceedings supplementary to execution gave the judgment creditor a lien upon the property of the judgment debtor, and that lien, having been acquired more than four months prior to the bankruptcy proceedings, was not affected thereby.

The question as to what title a receiver in supplementary proceedings held to policies upon the life of a judgment debtor payable to his estate was considered in Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305. In discussing the reasons why he held title superior to a subsequent assignee Martin, J., says:

"The appellants contend that, upon the death of Richard Worthington (the judgment debtor), the amount which became payable upon these policies passed to his legal representative, and the plaintiff's (receiver's) right to recover it was thus extinguished. The lien upon equitable assets, acquired by the commencement of an action in the nature of a creditor's bill, is not extinguished by the death of the defendant, even before the appointment of a receiver, but it survives his death, and is a lien upon such assets in the hands of his administrator. Brown v. Nichols, 42 N. Y. 26; First Nat. Bank v. Shuler, 153 N. Y. 171, 47 N. E. 262, 60 Am. St. Rep. 601. The provisions of the Code relating to proceedings supplementary to execution furnish a substitute for the creditor's bill as formerly used, and the service of the order under those provisions takes the place of the commencement of a suit under the old system, and gives the judgment creditor the priority of a vigilant creditor and a lien upon the equitable assets of the debtor. In this case a receiver was appointed

anterior to the death of the insured, and hence it is manifest that the title re·mained in the plaintiff, and was not divested or affected by his death."

In McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948, it was expressly held that a judgment creditor by the commencement of proceedings supplementary to execution acquired an equitable lien upon a debt owing to his judgment debtor or upon property owned by him, and that the new provisions contained in section 2469 of the Code of Civil Procedure were apparently enacted for the purpose of changing the rule declared in Becker v. Torrence, 31 N. Y. 631, to the effect that no equitable lien was acquired by a judgment creditor on the property of his debtor by the commencement of proceedings supplementary to execution. It would seem, therefore, beyond question that the plaintiff had a lien which the bankruptcy proceedings did not affect. The defendant urges that, Alley's membership on the Exchange being a mere personal privilege, no property ripened until his death and the sale of the seat. His death and the sale occurred after the adjudication in bankruptcy, and, if the attitude assumed by the defendant is true, there was no property right which the trustee in bankruptcy could take if there was no property right which the receiver in supplementary proceedings could take. Under such a construction, the property rights in the seat were after-acquired property, because the sale was subsequent to the institution of both proceedings, and neither the receiver nor the trustee would have any title thereto. But the rights of the judgment debtor in his seat on the Stock Exchange were property rights which could be taken from him during his lifetime, and, if title thereto was acquired by the receiver, his subsequent death could not affect such title. Reynolds v. Ætna Life Ins. Co., supra.

The learned trial court seems to have considered that the plaintiff was not sufficiently diligent in asserting his rights against the judgment debtor or the officials of the Stock Exchange, and hence lost whatever property he had obtained. In Metcalf Bros. v. Barker, 187 U. S. 165, 22 Sup. Ct. 67, 47 L. Ed. 122, which appears to have been relied upon for such proposition, a judgment creditor's action was begun prior to the enactment of the bankruptcy law, and ripened into a judgment after that law went into effect, and it was held that the bankruptcy of the judgment debtor had no effect. In the course of the opinion the court comments upon the diligence of the judgment creditor which resulted in a judgment in his favor setting aside certain transfers, but the decision can hardly be said to hold that he would have lost his rights if he had been less vigilant. Possibly the plaintiff might have set the Stock Exchange authorities in motion respecting the sale of the judgment debtor's seat, but the defendant as trustee lost nothing and gained nothing because he did not do so. The plaintiff as receiver either had absolute title or a valid lien, and the situation of the parties was not changed by his failure to more vigorously assert whatever rights he had.

Nor did the plaintiff waive or lose those rights because the judgment creditor presented his claim against the bankrupt in the bankruptcy court. The claim presented states that a judgment had been obtained and a transcript was attached thereto showing that an ex-

ecution had been returned unsatisfied thereon. The judgment creditor also stated that he nor any other person by his order had received any manner of security for said debt, "but that in the action above referred to and in proceedings supplementary to execution one John A. Wrede was duly appointed receiver of the property of said bankrupt." While payment of the claim to the judgment creditor would prevent the plaintiff as receiver from again collecting it, still the receiver held the title to the property of the judgment debtor, and any lien thereon was vested in him, and not in the judgment creditor. There is no pretense that the claim was fraudulently presented in the bankruptcy court, or that whatever security existed was fraudulently concealed. On the contrary, on the face of the claim it was stated that a receiver in supplementary proceedings had been appointed. What the judgment creditor said in his claim was that he nor any person in his behalf had any lien or security for the debt, except that which arose from the appointment of the plaintiff as receiver in supplementary proceedings taken by virtue of the judgment which was set forth. He did not state that he waived his lien if he had any, nor any title to property which the receiver had, nor did he in words say that he presented his claim without waiving whatever preference he might have, which unquestionably would have preserved his rights. Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. The claim was a notice that a judgment had been obtained against the bankrupt which had not been paid, and that the plaintiff had been appointed receiver in supplementary proceedings thereunder. We are of the opinion that this cannot be deemed a surrender of such security or such title as the plaintiff as receiver had, or an election of remedy to proceed alone in the bankruptcy court.

In our view the money in controversy belongs to the plaintiff, and the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.