## CONRAD BAKING CO. v. KUNKEL.

(Supreme Court, Special Term, Monroe County. September 16, 1916.)

ATTACHMENT ⬦238—VACATION—PARTY INTERESTED.

Defendant, for whom a trustee in bankruptcy, has been appointed, cannot move, under Code Civ. Proc. § 682, to vacate an attachment against his property, levied before the appointment of such trustee, since that provision applies only in cases where the defendant has an interest in the property.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 816–818, 823, 824; Dec. Dig. ⬦238.]

———

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the Conrad Baking Company against Albert Kunkel. On motion to vacate an order of attachment. Denied.

McGuire & Wood, of Rochester (J. Sawyer Fitch, of Rochester, of counsel), for the motion.

James M. E. O'Grady, of Rochester, opposed.

RODENBECK, J. An order of attachment was obtained by the plaintiff, and subsequently the defendant became insolvent, was adjudged a bankrupt, and a trustee in bankruptcy was appointed. This is a motion by the defendant to vacate the attachment on the ground of his bankruptcy, and is opposed on the ground that the trustee, and not the bankrupt, must move to vacate the attachment. The only answer made by the defendant to this position is that section 682 of the Code of Civil Procedure authorizes the "defendant," or a person who has acquired the lien upon, or interest in, his property after it was attached, to apply to vacate or modify the warrant of attachment. This provision of the Code of Civil Procedure applies only in cases where the defendant has an interest in the property attached, and does not apply to a case where a trustee in bankruptcy of his property has been appointed. In the latter case he has no interest to protect, and the motion to vacate the attachment must be made by the trustee. Bankruptcy Act July 1, 1898, c. 541, §§ 67f, 70, 30 Stat. 564, 565 (U. S. Comp. St. 1913, §§ 9651, 9654); National Bank v. Spencer, 53 App. Div. 547, 65 N. Y. Supp. 1001; McCarty v. Light, 155 App. Div. 36, 41, 139 N. Y. Supp. 853; Matter of Benedict, 37 Misc. Rep. 230, 75 N. Y. Supp. 165.

The motion is therefore denied, with $10 costs.