### In re McALLISTER.

(Circuit Court of Appeals, Second Circuit. April 13, 1925.)

No. 316.

1. **Bankruptcy** ⊛⟹200(4) — **Execution** ⊛⟹409 —**Title in receiver in supplementary proceedings held to relate back; receiver's title held to relate back to time more than four months before petition in bankruptcy.**

Under Civil Practice Act N. Y. §§ 809, 810, while property of debtor, for whom receiver in supplementary proceeding has been appointed, vests in receiver only on filing in county of debtor's residence of copy of order appointing receiver, his title then relates back to date of giving notice of application for his appointment, which in practice is date of serving order for examination; so that, that date being more than four months before filing of petition in bankruptcy against said debtor, and the filing, in county of debtor's residence, of copy of order appointing receiver having been before filing of petition in bankruptcy, receiver, notwithstanding Bankruptcy Act, § 67f (Comp. St. § 9651), is entitled to the fund reached by supplementary proceedings, as against trustee in bankruptcy, for the benefit of judgment creditor for whom receiver was appointed, and judgment creditors to whose judgments receivership was extended, so far as those judgments were obtained more than four months before filing of petition in bankruptcy.

Petition to Revise Order of, and Appeal from, the District Court of the United States for the Eastern District of New York.

In the matter of James A. McAllister, bankrupt. Maurice Block, receiver in supplementary proceedings, was ordered to pay over a fund to the trustee in bankruptcy, and brings a petition to revise the order. Reversed, with directions.

At all the times hereinafter mentioned it seems that McAllister had a valid claim against the Community Fuel Corporation, and a lien upon a certain fund realized from a sale of property belonging to said corporation, which fund was in the custody of the court below, being held by an equity receiver appointed by said court.

On November 19, 1923, one Hughes obtained judgment against McAllister in the City Court of New York, and execution issued to the sheriff of New York county, where McAllister maintained his place of business. He resided in Kings county. On January 16, 1924, McAllister was personally served with an order for examination in supplementary proceedings, to be held in New York county, and we assume that the usual notice of motion for appointment of a receiver was contemporaneously given. On May 13, 1924, a receiver was appointed for McAllister in New York county and by the City Court, and on May 14th the order of appointment was filed in the office of the clerk of New York county, at which time the receiver also duly qualified. On May 19, 1924, a certified copy of the order appointing receiver was filed in the office of the clerk of Kings county.

On May 28, 1924, McAllister was duly adjudicated a voluntary bankrupt in the court below, but no trustee was elected until September following. Meanwhile, and in July, 1924, the receiver in supplementary proceedings obtained from the court below sitting in equity an order directing the receivers of Community Fuel Corporation to pay him the amount of McAllister's claim secured by lien as above set forth, and this was done. When the trustee in bankruptcy learned of the foregoing, he moved that the receiver be ordered to pay over to him the fund so obtained, and the lower court granted the motion, whereupon the receiver brought this petition to revise.

Hughes was not the only judgment creditor of McAllister, and the receivership was extended to several other judgments, but the foregoing fully states the facts giving rise to the legal question at bar.

Andrew J. Ewald, of New York City (Macklin, Brown & Van Wyck, and Paul

Speer, all of New York City, of counsel), for receiver in supplementary proceedings.

Thomas A. McDonald, of New York City (Wm. F. Purdy, of New York City, of counsel), for trustee in bankruptcy.

Before ROGERS, HOUGH and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Sections 809 and 810, Civil Practice Act, are but copies of Code Civ. Proc. §§ 2468 and 2469, with one immaterial omission; the Code sections stood unchanged from 1892 until their re-enactment in and by the Practice Act. Consequently there is a long train of judicial comments on the statute, of which it is enough to cite Matter of Ward, 186 App. Div. 652, 175 N. Y. S. 66, holding that the title of a receiver in supplementary proceedings extends back to the date of the service of the order for the debtor's examination. This is the rule generally stated, and it naturally results from the well-known doctrine that such a receivership is a substitute for a judgment creditor's bill (Underwood v. Sutcliffe, 77 N. Y. 587), and dovetails with the ruling that by the filing of a creditors' bill the successful plaintiff acquires a lien from his filing date (Metcalfe v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122).

The statute starts to give the rule generally in the opening sentence of section 809; i. e., that the debtor's property vests in a duly qualified receiver "*from the time of filing the order appointing him*," which corresponds to the filing of a creditors' bill. But, continues the section, if the debtor lives in a county of the state other than that in which the order is filed, the receiver is *vested* with title to his personal property "*only from the time*" when a certified copy of the appointing order is filed in the clerk's office of the county of residence. Section 810 completes the rule as stated summarily by the courts, for, the moment the debtor's property *vests* in the receiver by filing the certified order in the county of residence, his *title* extends or relates back to the date of giving "notice of application for" appointment of receiver, which in practice is the date of serving order for examination.

Under the circumstances of this case, what was done by the receiver for McAllister is said to run counter to section 67f of the Bankruptcy Act (Comp. St. § 9651), which does declare, inter alia, that "all * * * liens obtained through legal proceedings * * * at any time within four months [of petition filed] shall be * * * null and void in case" of adjudication. On reason we perceive no conflict. McAllister was served with notice of examination more than four months before petition. His property *vested* in his receiver nine days before petition. Non constat that there ever would be a petition, therefore there was no reason why the vesting should not occur; but, the moment vesting happened, *title* related back to a period more than four months anterior to the date when petition was filed. In short, the state law regulated *vesting* and *title* of McAllister's property on May 19th, and that bankruptcy supervened on May 28th is immaterial; *title* was then in the receiver as of January 16, 1924.

If filing the copy order in Kings county had been delayed until after May 28th, In re Tyler (D. C.) 104 F. 778, would have applied, because any trustee's title would have vested at a time before under the state law any *vesting* could occur. Finding no legal reason for denying Hughes, the judgment creditor, the fruits of his diligence, we agree with Wrede v. Gilley, 132 App. Div. 293, 117 N. Y. S. 5, which is flat authority for appellant.

Order reversed, with costs.

## Memorandum on Settlement of Order for Mandate.

The fact that the judgment in favor of Cleary Bros. fell within four months before the filing of the petition in bankruptcy was not overlooked. But until the receiver's accounts have been settled, and his compensation and expenses provided for, it cannot be determined what he will hold as receiver on behalf of Cleary Bros. His accounts and compensation can be settled only by the court which appointed him. After such settlement and payment of the Hughes and O'Boyle judgments, anything which remains in his hands should be turned over to the trustee in bankruptcy.

The order will provide for a reversal of the order of the District Court, with a provision to take further proceedings in accordance with the opinion of this court and this supplemental memorandum.