## In re UNITY CLEANERS & DYERS, Inc.

District Court, S. D. New York.
June 6, 1938.

Adolph & Henry Bloch, of New York City, for judgment creditor.

Herman Axelrod, of New York City, for receiver in supplementary proceedings.

Budd, Coffey & Bertine, of New York City, for receiver.

PATTERSON, District Judge.

These are cross-motions, one by a receiver in bankruptcy of the bankrupt and one by a receiver appointed by the state court in supplementary proceedings, each seeking possession of the assets.

The bankrupt is a New York corporation. A creditor recovered judgment against it in December 1937. On January 14, 1938 the judgment creditor instituted supplementary proceedings by service of a subpoena on the bankrupt, in accordance with section 774 of New York Civil Practice Act. On May 11, 1938, one Arbiter was appointed receiver in supplementary proceedings in behalf of the judgment creditor. On May 25th the receiver qualified and took possession. On May 27th the bankrupt filed voluntary petition in bankruptcy and a receiver in bankruptcy was appointed.

Under the Civil Practice Act, sections 807 and 808, the title of a receiver in supplementary proceedings to personal property of the judgment debtor "extends back by relation, for the benefit of the judgment creditor" to the time of service of the subpoena commencing the proceedings. It follows that while the receiver for the judgment creditor was appointed only a few days before the petition in bankruptcy was filed, his title or lien must be deemed to relate back to the commencement of supplementary proceedings, and that earlier date was more than four months before bankruptcy. The title or lien of the receiver for the judgment creditor thus is not a lien avoided by adjudication in bankruptcy under section 67f of the Bankruptcy Act, 11 U.S.C.A. § 107(f). In re McAllister, 2 Cir., 7 F.2d 9; Wrede v. Gilley, 132 App.Div. 293, 117 N.Y.S. 5.

The receiver in bankruptcy calls attention to Matter of Delaney, 256 N.Y. 315, 176 N.E. 407, to the effect that a receiver in supplementary proceedings may not be appointed against a judgment debtor which is a corporation. The court there held that it was against the public policy of the State to appoint a receiver of a corporation for the preferential advantage of one creditor, that a receiver for all creditors might be appointed in sequestration under the General Corporation Law, Consol.Laws, c. 23. But since the Delaney Case the provisions of the Civil Practice Act relative to supplementary proceedings were amended to provide specifically that "the authority to appoint a receiver of the property of a judgment debtor under this section [section 805] shall include the power to appoint a receiver of the property of a corporation". Laws of 1934, ch. 565. And a like provision was included in the general overhauling of the article on supplementary proceedings (Article 45 of the Civil Practice Act) enacted by Laws

of 1935, ch. 630, and appears now in section 804. It must be taken as present New York law, therefore, that a receiver in supplementary proceedings for the benefit of a single judgment creditor may be appointed of the property of a corporate judgment debtor, and that the title of such a receiver relates back to the date when the subpoena or order commencing the proceedings was served.

On the papers before the court, the receiver in supplementary proceedings is entitled to retain possession of the property. It is quite true that the situation is an unfortunate one for the general creditors of a bankrupt. Their rights are made subordinate to those of a single creditor who seeks a preference, and the subordination comes about through an artificial relation back of the lien of the receiver. A judgment creditor may institute supplementary proceedings, wait for four months, then have a receiver appointed, thus perfecting what is in substance a secret lien and taking other creditors off their guard. That is what happened here. But the effect of the New York statute is quite plain. It may be that other creditors have rights in property acquired by the bankrupt after commencement of supplementary proceedings or by virtue of extending credit in the interval between that time and the appointment of the receiver in supplementary proceedings, but no facts raising these matters are shown on the present papers. The application of the receiver in supplementary proceedings will be granted and that of the receiver in bankruptcy denied.