BREEDEN *v.* STATE *ex rel.* FERGUSON.

(*Knoxville,* September Term, 1945.)

Opinion filed December 1, 1945.

J. ARTHUR ATCHLEY and CHARLES C. BURKS, both of Knoxville, for plaintiff in error.

K. E. Steinmetz, of Knoxville, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

The defendant Breeden, by proper proceedings had in the County Court of Knox County in 1934, was adjudged to be the father of an illegitimate child begotten upon the body of a young woman in that county. An order was made respecting the custody of the child and directing that defendant pay $5 a month toward the child's support for twelve years. These proceedings were had under Section 11948 *et seq.* of the Code and their regularity is not assailed.

The defendant became considerably in arrears in the payment of these monthly charges and under Section 11953 of the Code an attachment was levied on certain wages due him from his employer. The section of the Code, just mentioned reads as follows.

''The court is vested with full power to enforce its judgment by the collection of money forthwith by execution, or by the collection of installments as they respectively fall due, or by attachment and imprisonment for contempt or otherwise according to the exigencies of the particular case.''

After this judgment in the bastardy proceedings defendant filed a petition in bankruptcy and obtained his discharge. He pleaded this discharge in bar of the attachment suit. The courts below ruled that the judgment against him for the support of the child was not a debt dischargeable in bankruptcy and defendant has appealed to this Court.

We think that the conclusion of the lower courts is fully sustained by decisions of the Supreme Court of the

United States as follows: *Audubon* v. *Shufeldt*, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009; *Dunbar* v. *Dunbar*, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084; *Wetmore* v. *Markoe*, 196 U. S. 68, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265. These cases arose under the Bankruptcy Act of 1898, 30 Stat. at L. 544, chap. 541, 11 U. S. C. A. sec. 1 *et seq.* They were cases in which defendants interposed their discharges in bankruptcy to defeat actions for the collection of claims for alimony and for the support of children. The Supreme Court held under the act of 1898 that these were not such debts as were released by a discharge in bankruptcy but were obligations imposed by law. That the character of the obligations was not altered by their reduction to written contracts nor by their merger into judgments.

The amendment of February 5, 1903, 32 Stat. at L. 797, chap. 487, 11 U. S. C. A., Sec. 35, excepted from the discharge in bankruptcy a decree for alimony due or to become due or for the maintenance and support of the wife and minor children. Of this amendment, in *Wetmore* v. *Markoe, supra,* the Supreme Court said:

". . . while it did not apply to prior cases, [it] may be referred to for the purpose of showing the legislative trend in the direction of not discharging an obligation of the bankrupt for the support and maintenance of wife and children. The amendment may also have been passed with a view to settling the law upon this subject, and to put at rest the controversies which had arisen from the conflicting decisions of the courts, both state and Federal, upon this question. . . . The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes, and not make it an instrument to deprive dependent wife and children of the support and maintenance due them from the husband

and father, which it has ever been the purpose of the law to enforce." 196 U. S. at pages 76, 77, 25 S. Ct. at page 175, 49 L. Ed. 390, 2 Ann. Cas. 265.

*In re Baker, D. C.,* 96 F. 954, is a case similar to the one before us. It was approved by the Supreme Court and cited as supporting authority in *Dunbar* v. *Dunbar, supra.* Summarizing the ruling in *Re Baker,* the Supreme Court spoke as follows (190 U. S. at page 352, 23 S. Ct. at page 762, 47 L. Ed. 1084):

"In *Re Baker, D. C.,* 96 F. 954, in the district court of Kansas, it was held that a judgment in a bastardy proceeding against the putative father, adjudging him to pay a certain sum to the mother of the child for its maintenance, was not such a debt as would be released by the discharge of the father in bankruptcy, and it was put upon the ground that, by virtue of the judgment and bond given thereon, the father became liable for the maintenance of the illegitimate son the same as if he were his legitimate offspring, and that the bankruptcy law was never intended to affect the liability of the father for the support of his children."

The foregoing are substantially the reasons given by Judge KELLY in the court below for his conclusion that defendant was not released from the obligation to support his child by the discharge in bankruptcy. We think they are obviously sound. It follows that the judgment of the court below will be affirmed and the cause remanded for proceedings leading to the enforcement of its judgment.

█ The defendant relies on the case of *McKittrick* v. *Cahoon,* 89 Minn. 383, 95 N. W. 223, 62 L. R. A. 757, 99 Am. St. Rep. 606, but the Court in that case pointedly reserved any expression as to the effect of the amendment of 1903, since the case arose before the passage of

that amendment. Moreover, some of the views expressed in *McKittrick* v. *Cahoon* conflict with those of the Supreme Court of the United States appearing in the cases we have cited and of course the construction of a federal statute adopted by the latter Court must prevail.