LACEY (CONNINGHAM v.). See Case No. 3,116.

LACEY (LEE v.). See Case No. 8,193.

LACEY (WOLVERTON v.). See Case No. 17,932.

---

## Case No. 7,966.

### In re LACHEMEYER.

[18 N. B. R. 270; 18 Alb. Law J. 242.] [1]

District Court, S. D. New York. Sept. 20, 1878.

BANKRUPTCY—PROVABLE DEBT — CLAIM FOR ALIMONY—STAY OF PROCEEDINGS.

A claim for alimony, whether the same accrued before or subsequent to the commencement of the proceedings in bankruptcy, is not a provable debt, and proceedings to enforce its payment cannot properly be staid by the bankrupt court.

[In the matter of Frederick Lachemeyer, a bankrupt.]

A. W. Gazzam, for bankrupt.
W. H. Secor, for wife.

CHOATE, District Judge. This is a motion to vacate a stay of proceedings on the part of the bankrupt's divorced wife for the enforcement of a decree for alimony. Upon decree of divorce on the ground of adultery, pronounced several years before the commencement of proceedings in bankruptcy, alimony was decreed to the wife at the rate of fifty dollars a week during her natural life. The decree contained a provision allowing either party to apply to the court for a modification of the decree upon the happening of any event materially changing the circumstances of the parties. There is a large amount of arrears of alimony which became payable before the bankruptcy, still unpaid, as well as a further amount which has since accrued. As to the continuing obligation to pay alimony since the commencement of the bankruptcy proceedings, there can be, I think, no question that it is not affected by the bankruptcy. The obligation cannot be discharged by the discharge in bankruptcy. Independently of the peculiar character of the obligation, which raises the question whether any claim for alimony, accrued or otherwise, is in its nature provable under the bankrupt law, the obligation to future payments is not, within section 5067, a debt then existing, but not payable till a future day, in which case it might (if a debt at all) be proved with a rebate of interest, because the obligation to pay it in the future is contingent upon the life of the wife. The debts so described in that section are debts to become due absolutely at a future time. Nor is it a contingent debt or liability, within the meaning of section 5068; first, because it does not arise upon a contract of the bankrupt, and the provi-

sions of that section have been held, on what seems to be a reasonable construction of its terms, to be confined to debts arising upon contract. Zimmer v. Schleehauf [115 Mass. 52]. And secondly, it is not within that section, because that section relates only to those contingent obligations of which the present value can be estimated. Riggin v. Maguire. 15 Wall. [82 U. S.] 549. And the amount of the alimony yet to accrue at the date of the bankruptcy was subject to modification by the action of the court by which it was decreed, and therefore any present valuation of it was impossible. The future alimony, therefore, not being a provable debt, proceedings to enforce its payment cannot properly be stayed by this court, even though the question of the bankrupt's discharge is still pending and undetermined. Section 5106.

As to the arrears of alimony due at the commencement of the proceedings in bankruptcy, a question arises whether they are not to be regarded as debt upon judgment, of a nature provable in bankruptcy. There seems to have been no decision upon this point either under the present law [of 1867 (14 Stat. 517)] or that of 1841 [5 Stat. 440]. Under the English bankrupt law such a claim is provable under an express provision that the order of discharge should discharge the bankrupt "from the effect of any process issuing out of any court for contempt of any court for non-payment of money, and from all costs that he would be liable to pay in consequence of or on purging his contempt," and "that a person entitled to enforce against the bankrupt payment of any money, costs, or expenses by process of contempt issuing out of any court shall be entitled to come in as a creditor under the bankruptcy, and prove for the amount payable under the process." Dickens v. Dickens, 2 Swab. & Tr. 645. As this decision is based wholly on these provisions in the English law, it affords no aid in the construction of our bankrupt law, except the very general consideration that such a claim has been deemed a proper one to bring within the operation of a system of bankruptcy. It was held under the bankrupt law of 1841 by the district judge of Connecticut that a judgment under a Connecticut statute for the maintenance of a bastard child was not a "debt" provable and dischargeable within the meaning of that law. In re Cotton [Case No. 3,269]. The decision is based on the peculiar nature of the obligation on which the judgment was founded, being a natural duty growing out of the relation of the parties, and not out of any contract. That case certainly affords a strong analogy to the present. Similar rulings have been made in some of the state courts as to judgments for maintenance of bastard children under the former and present bankrupt laws. Hawes v. Cooksey, 13 Ohio. 242; Com. v. Erisman, 21 Pittsb. Leg. J. 69. It

---

1 [Reprinted from 18 N. B. R. 270, by permission. 18 Alb. Law J. 242, contains only a partial report.]

has been held that a penalty due to the United States for violation of the revenue laws for which an action will lie is a provable debt. In re Rosey [Case No. 12,066]. And so as to a claim for value of goods forfeited. In re Vetterlein [Id. 16,929]. And in the case last cited it is said by Mr. Justice Hunt that "whether the debt arises from a promise to pay, or whether it arises from a duty or obligation to pay, is not important." On the other hand, it has been held that a judgment for a fine is not provable. In re Sutherland [Id. 13,639]. In the case of In re Hennocksburgh [Id. 6,367], it seems to have been held that a judgment for a mere personal tort is a provable debt. And in the case of In re Schuchardt [Id. 12,483], there is a dictum of Judge Blatchford to the same effect as to a judgment to damages for deceit. A judgment for costs has been held to be provable. Graham v. Pierson, 6 Hill, 247.

The weight of the authority at present, therefore, clearly is that a positive obligation to pay a certain sum of money, liquidated, and for which an action will lie, though not based upon contract, nor growing out of contract, is a provable debt under the present bankrupt law, and these later authorities have given a more extended construction to the word "debts" under the present bankrupt law than was given to the same word in the law of 1841 by the district court of Connecticut in Re Cotton, ut supra, where a judgment for damages for seduction was held not provable. But a claim for arrears of alimony is in some respects different from any of the obligations held provable in the cases above cited. It is not generally enforceable by action, but by process for contempt. If the obligation to pay the overdue alimony were an absolute obligation enforceable in a personal action, it would seem to be within the cases cited above, although this obligation to pay has resulted from a natural duty which the party has repudiated, or has refused or neglected to perform. It cannot well be said as to overdue alimony, as it may be as to future alimony, that it is a mere liquidation of or fixed compensation for the breach of an existing natural obligation, which is the principal obligation, for as to the time past there is no such obligation, and all that remains is the obligation to pay the money according to the decree of the court. It seems, however, that one of the reasons why an action will not ordinarily lie to enforce a decree for alimony is that, from the peculiar character of the obligation, the decree is always subject to modification by the court in which the decree was entered, according to the varying circumstances of the parties, and that no other court can undertake to administer the relief to which the parties are entitled, except the court which has jurisdiction of the original suit. See remarks of Hornblower, C. J., 3 Harrison [18 N. J. Law]

188, 193; also Allen v. Allen, 100 Mass. 373.

The case, as to overdue alimony, is not free from doubt, but, upon the whole, I am of the opinion that it is not a provable debt, within the meaning of the bankrupt law, because not an absolute obligation enforceable by action. Some considerations touching the general policy of the bankrupt law point, I think, to the same conclusion. The two chief objects or general purposes of a bankrupt law are the relief of unfortunate persons, who, by losses in business, have become insolvent and unable to pay their debts in full, and the equitable distribution among creditors of whatever property such persons may still have. It is chiefly for the relief of business men, as business men, and indirectly for the public good, and rehabilitating them to a condition in which, as active business men, they may take their proper share in the productive and industrial class of the community. The obligation to pay alimony, though in form a quasi debt, partakes in no degree of that business character of the obligation chiefly within the purview of a bankrupt system. It is one of the sanctions devised by the law for the enforcement of a natural duty or obligation, and the punishment of its violation. It may well be said to be in its nature foreign to the scope of a bankrupt system, so far as that system deals with the debtor and his release. And in this respect it is wholly unlike some of those absolute obligations, not growing out of contract, which have been held to be within the purview of the bankrupt law, as, for instance, forfeitures and penalties due to the United States, which, though not based on contract, do grow immediately out of, and are incurred in the course of, business transactions. Again, as to the relief of this quasi debtor, he is not without remedy, as he may always apply to the justice or mercy of the court having jurisdiction of his cause. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled than as strictly a debt, and alimony payable from time to time may well be regarded as a portion of his current income or earnings, and is ordinarily based and measured in its allowance upon such income or earnings. The court having jurisdiction of this peculiar subject is alone competent to deal with the equities which changes in the circumstances of the husband's property or income may introduce into questions of alimony. It may also well have been thought that the public good requires that the sanctions thrown about the marriage relation and its duties should not be weakened by a release of the husband from obligation of this character by any other than a divorce court, and especially by a release depending upon considerations having no relation whatever to those considerations which fixed and defined the terms of the obligation itself. It is also

obvious that claims of this character are not of so common occurrence that their exception out of the bankrupt law would have any appreciable effect in diminishing the general good to the community which the release of insolvent debtors was intended to accomplish.

These and other considerations which might be suggested go to show that there may have been good reasons for omitting this class of obligations, so far as debtors are concerned, from the scope of a bankrupt system, although, as it has been seen above, they have not been deemed sufficient in England to have that effect there. While, on the other hand, as regards the interests of the creditor class, which are intended to be provided for by the bankrupt system, it may be said indeed that there is some hardship in excluding a divorced wife from sharing with the creditors in the existing assets of her bankrupt husband to the extent of her overdue alimony, yet probably, on the whole, it is an advantage to this class of persons to be excluded from the law altogether, rather than to be included subject to the release of the unpaid balance, as they are in England, because the great majority of bankruptcies, in this country, at least, are bankruptcies with little or no assets, and it may in general be said that the very fact of the alimony being largely in arrears indicates either laches in the wife, in not seeking to enforce what, from its very nature, was intended to be a punctually paid obligation, being intended for her support from week to week or month to month, or that the income and earnings of the husband are so reduced that in fact he cannot be compelled, even by the plenary powers of the divorce court, to make that provision for his wife which was held to be just and reasonable at the time the allowance was fixed. And in the latter case there is no very strong ground of reason or justice for giving the wife extraordinary favor in the distribution of her husband's estate, for the wife agrees at the marriage to share his varying fortunes, and the mere fact that she has been divorced from him affords no reason why she should not also share in the hardships incident to his misfortunes in business. It may well be, therefore, that upon considerations of public policy touching the interests both of debtors and creditors and husbands and wives, this class of claims was intentionally omitted from the provisions of the act, and left where it was found,—exclusively, for all purposes, within the jurisdiction of other tribunals. At any rate, these reasons bearing on a question of doubtful construction seem to me sufficient to exclude this claim from the class of debts provable in bankruptcy. It will be observed that section 5072 of the Revised Statutes necessarily implies that there are claims which may, in some sense, be described as debts which are not provable. One well-defined class of such obligations is the whole class of unliquidated damages for mere torts. But there may well be other claims thus excepted, and I think the present is one of them.

Injunction dissolved.