## AUDUBON *v.* SHUFELDT.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 217. Argued April 8, 1901.—Decided May 20, 1901.

Alimony, whether in arrear at the time of an adjudication in bankruptcy, or accruing afterwards, is not provable in bankruptcy, or barred by the discharge.

*Mr. Henry Randall Webb* for appellants.

*Mr. John T. Dewesse* for appellee.

Mr. Justice Gray delivered the opinion of the court.

This was an appeal from an order of the Supreme Court of the District of Columbia sitting in bankruptcy, granting a discharge to Robert W. Shufeldt.

Shufeldt had been adjudged a bankrupt April 5, 1899, on his petition alleging that he was indebted to the amount of $4538.33, and had no assets which were not exempt under the Bankrupt Act of 1898. The debts from which he sought release were as follows:

Secured debt to Washington National Banking and

| | | |
|---|---|---|
| Loan Association, . . . . . . | | $3200 00 |
| Unsecured debts as follows: | | |
| Florence Audubon, . . . . . $800 00 | | |
| William H. Smith, . . . . 150 00 | | |
| Lewis J. Yeager, . . . . 150 00 | | |
| Sundry small debts, . . . . 238 33 | | |
| | | 1338 33 |
| | | $4538 33 |

Shufeldt was, and had been for several years before filing his petition in bankruptcy, a surgeon with the rank of captain in the United States Army, on the retired list, and was in receipt of a salary of $175 a month, his pay as such retired officer.

The debt of $3200 was the debt of himself and his wife, secured on land in Takoma Park, Montgomery County, Maryland, conveyed by him to his wife in March, 1898, without consideration.

The debt of $800 represented arrears of alimony, granted to his former wife, Florence Audubon, on February 25, 1898, by a decree of the circuit court of Montgomery County in the State of Maryland, in a cause of divorce, directing him to pay alimony to her at the rate of $50 a month, beginning April 1, 1898. No part of that alimony has been paid.

About March 1, 1898, Shufeldt left Montgomery County, and took up his residence in the city of Washington in the District of Columbia. A suit in equity has been instituted and is still pending in the Supreme Court of the District of Columbia, to enforce the aforesaid decree for alimony, and to make him pay the alimony in arrear.

The debt of $150 to William H. Smith was a promissory note given for taking testimony in the divorce suit under a commission from the Maryland court, and was duly assigned to John W. Hulse before the filing of the petition in bankruptcy.

The debt of $150 to Lewis J. Yeager was for professional services rendered in the District of Columbia in the equity suit aforesaid.

The small debts for $238.33 were contracted for supplies furnished to Shufeldt and his family before the filing of the petition in bankruptcy.

After the filing of the petition in bankruptcy, Florence Audubon filed in court her claim for $800, being the arrears of alimony, describing it as "a debt" due by him to her; and voted thereon at the meeting of creditors for the election of a trustee. She afterwards filed a memorandum directing the withdrawal of her claim; but no order of the court to that effect was passed.

It was objected that the claim for alimony was not a provable debt under the Bankrupt Act, and should be excepted from the list of debts for which a discharge in bankruptcy might be granted. The court overruled the objection, and granted the discharge, being of opinion that the arrears of alimony which had accrued against the bankrupt up to the time of the adjudi-

cation in bankruptcy constituted a provable debt, in the sense of the Bankrupt Act of 1898; but that the discharge could not affect any instalments accruing since that adjudication. Florence Audubon appealed to this court.

By section 4 of the Bankrupt Act of July 1, 1898, c. 541, "any person who owes debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt." 30 Stat. 547. An officer in the army falls within this description; and it may be that he is not bound to include his pay in his schedule. *Flarty* v. *Odlum*, (1790) 3 T. R. 681; *Apthorpe* v. *Apthorpe*, (1887) 12 Prob. Div. 192. Our bankrupt act contains no such provision as the English Bankruptcy Act, 1883, authorizing the court, when the bankrupt is an officer in the army or navy, or employed in the civil service, to order a portion of his pay to be applied for the benefit of his creditors in bankruptcy. *In re Ward*, (1897) 1 Q. B. 266. But the question now before us is not whether his pay can be reached in bankruptcy, but whether he is entitled to a discharge from the arrears of alimony due to his former wife.

The Bankrupt Act of 1898, provides in § 1, that a "discharge" means "the release of a bankrupt from all his debts which are provable in bankruptcy, except such as are excepted by this act;" and includes, in § 63, among the debts which may be proved against his estate, "a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing," at the time of the petition in bankruptcy, whether then payable or not, and debts "founded upon a contract, expressed or implied." 30 Stat. 541, 563.

Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances of the parties may require. The decree of a court of one State, indeed, for the present payment of a definite sum of money as alimony, is a record which is entitled to full faith and credit in another State,

and may therefore be there enforced by suit. *Barber* v. *Barber*, (1858) 21 How. 582; *Lynde* v. *Lynde*, (1901) 181 U. S. 183. But its obligation in that respect does not affect its nature. In other respects, alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife, than by a court of a different jurisdiction.

In the State of Maryland, and in the District of Columbia, alimony is granted by decree of a court of equity. *Wallingford* v. *Wallingford*, (1825) 6 Har. & Johns. 485; *Crane* v. *Maginnis*, (1829) 1 Gill & Johns. 463; *Jamison* v. *Jamison*, (1847) 4 Maryland Ch. 289; *Tolman* v. *Tolman*, (1893) 1 App. D. C. 299; *Tolman* v. *Leonard*, (1895) 6 App. D. C. 224; *Alexander* v. *Alexander*, (1898) 13 App. D. C. 334. And, as the Court of Appeals of the District of Columbia has more than once said: "The allowance of alimony is not in the nature of an absolute debt. It is not unconditional and unchangeable. It may be changed in amount, even when in arrears, upon good cause shown to the court having jurisdiction." 6 App. D. C. 233; 13 App. D. C. 352.

Under the Bankrupt Act of 1867, it was held by the District Court of the United States for the Southern District of New York, in an able opinion by Judge Choate, (which is believed to be the only one on the subject under that act) that a claim for alimony, whether accrued before or after the commencement of the proceedings in bankruptcy, was not a provable debt nor barred by a discharge. *In re Lachemayer*, (1878) 18 Nat. Bankr. Reg. 270; *S. C.*, 14 Fed. Cas. 914. Like decisions have been made by Judge Brown in the same court under the present bankrupt act. *In re Shepard*, 97 Fed. Rep. 187; *In re Anderson*, 97 Fed. Rep. 321. And the same result has been reached in a careful opinion by Judge Lowell in the District

Court for the District of Massachusetts. *In re Nowell,* 99 Fed. Rep. 931.

In *Menzie* v. *Anderson,* (1879) 65 Indiana, 239, the Supreme Court of Indiana held that a judgment for alimony was not a " debt growing out of or founded upon a contract, express or implied," within the meaning of a statute exempting certain property from execution for such a debt.

In *Noyes* v. *Hubbard,* (1892) 64 Vermont, 302,. it was held by the Supreme Court of Vermont that a decree for alimony, not being a judgment for the enforcement of any contract, express or implied, existing between the parties thereto, but for the enforcement of a duty in the performance of which the public as well as the parties were interested, was not barred by a discharge in insolvency.

In *Romaine* v. *Chauncey,* (1892) 129 N. Y. 566, it was held by the Court of Appeals of New York that alimony was an allowance for support and maintenance, having no other purpose, and provided for no other object; that it was awarded, not in payment of a debt, but in performance of the general duty of the husband to support the wife, made specific and measured by the decree of the court; and that a court of equity would not lend its aid to compel the appropriation of alimony to the payment of debts contracted by her before it was granted.

In *Barclay* v. *Barclay,* (1900) 184 Illinois, 375, it was adjudged by the Supreme Court of Illinois that alimony could not be regarded as a debt owing from husband to wife, which might be discharged by an order in bankruptcy, whether the alimony accrued before or after the proceedings in bankruptcy; and the court said : " The liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. It is not to be enforced by an action at law in the State where the decree is entered, but is to be enforced by such proceedings as the chancellor may determine and adopt for its enforcement. It may be enforced by imprisonment for contempt, without violating the constitutional provision prohibiting imprisonment for debt. The decree for alimony may be changed from time to time by the chancellor, and there may be such circumstances as would authorize the chancellor to even change

the amount to be paid by the husband, where he is in arrears in payments required under the decree. Hence such alimony cannot be regarded as a debt owing from the husband to the wife, and, not being so, cannot be discharged by an order in the bankruptcy court."

In England, it seems to be the law that alimony is neither discharged nor provable in bankruptcy. *Linton* v. *Linton*, (1885) 15 Q. B. D. 239; *Hawkins* v. *Hawkins*, (1894) 1 Q. B. 25; *Watkins* v. *Watkins*, (1896) Prob. 222; *Kerr* v. *Kerr*, (1897) 2. Q. B. 439.

The only cases brought to our notice, which tend to support the decision below, are recent decisions of District Courts, in which the authorities above cited are not referred to. *In re Houston*, 94 Fed. Rep. 119; *In re Van Orden*, 96 Fed. Rep. 86; *In re Challoner*, 98 Fed. Rep. 82.

The result is that neither the alimony in arrear at the time of the adjudication in bankruptcy, nor alimony accruing since that adjudication, was provable in bankruptcy, or barred by the discharge.

*The order granting a discharge covering arrears of alimony is reversed, and the case remanded for further proceedings consistent with the opinion of this court.*