*43 OPINION.
Sternhagen:
The Commissioner, in determining the deficiency, said simply that the amounts received by petitioner from the funds established byi her divorced husband “are taxable to you.” At the hearing, his counsel stated that he questioned whether the amounts received could be regarded as by way of alimony, and that the question is whether the law of England provided for alimony.
The evidence leaves it indisputable that alimony is a recognized right and obligation under the law of England, that the agreement of 1906 was made in contemplation of divorce and to provide for alimony, that this provision was not subject to change or termination by remarriage, that in 1911 and again in 1915, both before and after petitioner’s remarriage, the Pennsylvania Court of Common Pleas lent its aid to the enforcement of the 1906 agreement, and that such agreement was the entire source of the petitioner’s receipts. Since the trial, the Government has filed no brief, and no argument is made in the light of the evidence to support the deficiencies.
The question thus appears to be a repetition of a controversy long since decided, i. e., whether an amount received by a divorced woman as alimony or in lieu of alimony is taxable income. It is not. Audubon v. Shufeldt, 181 U. S. 575; Gould v. Gould, 245 U. S. 151; Mary B. Spencer, 20 B. T. A. 58; Maud H. Bush, 33 B. T. A. 628.
There is much more law on the question of the effect of an alimony or subsistence agreement or trust upon the tax of the husband; but there is no such issue here, and it would not be proper to deal with it. The wife alone is the present petitioner, and as to her the Commissioner incorrectly; held the amounts received to be taxable income.

Judgment will be entered for the petitioner.