THOMPSON v. KAVANAGH, Internal Revenue Collector.

No. 86.

District Court, E. D. Michigan, Northern Division.

Jan. 9, 1941.

Gilbert A. Currie, of Midland, Mich., and John D. Currie, of Saginaw, Mich., for plaintiff.

John C. Lehr, U. S. Atty., and J. Thomas Smith, Asst. U. S. Atty., both of Detroit, Mich., for defendant.

TUTTLE, District Judge.

This cause came on to be heard upon defendant's motion to dismiss plaintiff's bill of complaint. The material facts as disclosed by the complaint are as follows:

The plaintiff in 1932 was the owner of 600 shares of non-par value stock of the Dow Chemical Company, which stock was held by the Chemical State Savings Bank of Midland, Michigan, as collateral for a loan. On August 26, 1932, in contemplation of a divorce, plaintiff entered into a written agreement with his wife, whereby he agreed, inter alia, to reduce his indebtedness with said bank, get free and clear title to said 600 shares of stock, and deliver to the said bank, "or other suitable persons", the said shares of stock to be held by it or them in trust for specified purposes. The trustee was to pay to the wife as beneficiary the cash dividends from such stock during her lifetime. The agreement further provided that if the dividends shall exceed $2.50 per share per annum, one-half of any such excess shall be used by the wife toward defraying the expense of support, maintenance, and education of their daughter to the extent of one-half of such expense; that if the wife requested, she would be made the trustee of this trust; that upon the death of the wife the trust is to enure to the benefit of their son and daughter, share and share alike, and to the survivor of either, and that

"In event that stock of the Dow Chemical Company shall become worthless and the earning power of said first party at any such time shall reasonably warrant him so to do, he agrees to pay unto said party the sum of $50 per month during such time as she may require it for her livelihood."

The wife agreed, inter alia, that she would accept the covenants and agreements of the trust instrument and relinquish and release unto the plaintiff all dower, homestead or other rights which she has or might assert against him and/or his property.

This agreement was made subject to the approval of any court either of them may invoke in any proceedings for divorce.

On December 10, 1932, a decree of divorce was granted to the plaintiff herein, who was also the plaintiff in the divorce suit, by the Circuit Court for the County of Midland in Chancery, State of Michigan. By the decree the marriage was dissolved and in it the following provision was incorporated:

"And it also appearing to the Court that a property settlement in writing was entered into on the 26th day of August, 1932, by and between said plaintiff and said defendant, whereby an amicable division of their property was accomplished, and said plaintiff therein agreed among other things to deposit with the Chemical State Savings Bank or other suitable persons as trustee six hundred shares of non-par value stock of The Dow Chemical Company, with the understanding that all dividends therefrom shall be payable to said defendant, Fanny B. Thompson, during her lifetime, and that said plaintiff has made provision for the maintenance, education and support of their minor child, Frances Jean Thompson, as will more fully appear by reference to said agreement, a true copy of which is attached to the bill of complaint in this cause, and to which for greater certainty reference is made.

"It is therefore ordered, adjudged and decreed that said property settlement be and hereby is approved and that said Mark E. Thompson pay unto the said Fanny B. Thompson the sum of One Dollar and also faithfully perform and fulfill the covenants by him to be performed as in said agreement provided, and that the provision made for the said Fanny B. Thompson herein shall be in lieu of her dower in the property of her husband, the said Mark E. Thompson, and in full satisfaction of all claims that she may have in any property which the said Mark E. Thompson owns or may hereafter own, or in which he has or may hereafter have any interest, and that he shall hereafter hold his remaining real estate free, clear and discharged from any such dower right or claims."

On July 19, 1933, the plaintiff created the trust provided for in the aforesaid agreement of August 26, 1932, which reads in part as follows:

"Mark E. Thompson, for and in consideration of One Dollar to him in hand paid, receipt whereof is hereby acknowledged, hereby sells, assigns, and transfers unto Fanny B. Thompson and Mark E. Thompson and/or the survivor of either, as Trustees, six hundred shares of non par value stock of The Dow Chemical Company to be held by them in trust for the following purposes:

"(a) All stock dividends shall be considered and construed to be additions to the principal and any certificates therefor shall be issued to the trustees;

"(b) All cash dividends shall during her lifetime be payable to Fanny B. Thompson, provided, however, that if the dividends shall at any time exceed $2.50 per share per annum, one-half of any such excess shall be used by second party toward defraying the expense of support, maintenance, and education of Frances Jean Thompson, but in no event shall said second party be required from any excess dividends to defray more than one-half of such expense;

"(c) Upon the death of Fanny B. Thompson, all cash dividends shall be payable to Mark E. Thompson, Jr., and Frances Jean Thompson, share and share alike, or to the survivor of either;

"(d) Upon the death of both Fanny B. Thompson and Mark E. Thompson, ownership of said stock and its increments shall vest in Mark E. Thompson, Jr., and Frances Jean Thompson, share and share alike, or in the survivor of either. In the event, however, that neither Mark E. Thompson, Jr., nor Frances Jean Thompson shall survive Mark E. Thompson, ownership of said stock shall vest in the other lawful heirs of said Mark E. Thompson, in accordance with the statutes of descent and distribution of property;

"It is mutually understood and agreed that said Trustees shall have power to exchange, assign or transfer said shares as may be required by any reorganization of the Dow Chemical Company.

"It is further agreed that, in event of incapacity of said Trustees during their lifetime, the Circuit Court for the County of Midland shall have the right to name and appoint a successor trustee, to the end that at all times there shall be some person qualified to carry out the trusts herein created.

"The parties hereto expressly reserve the right by mutual agreement to alter, vary or revoke this trust."

During the years 1935, 1936 and 1937, the aforesaid trustees received dividends on the 600 shares of Dow Chemical Company

stock in the amounts of $1,800, $1,980 and $3,123, respectively. The Commissioner held that under the rule announced by the Supreme Court in Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 62, 80 L.Ed. 3, 101 A. L.R. 391, affirming 8 Cir., 73 F.2d 130, these dividends constituted taxable income to the plaintiff because they were paid to his divorced wife in satisfaction of his legal obligation to support and maintain her. Taxes assessed accordingly were paid to the Collector of Internal Revenue. Claims for refund were disallowed, and this suit brought to recover the amount paid.

The single issue presented is whether taxpayer is liable for income tax upon the income of a trust created by him for the benefit of his divorced wife, pursuant to agreement. The Supreme Court in the case of Douglas v. Willcuts, supra, said:

"Amounts paid to a divorced wife under a decree for alimony are not regarded as income of the wife but as paid in discharge of the general obligation to support, which is made specific by the decree. Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211; Audubon v. Shufeldt, 181 U.S. 575, 577, 21 S.Ct. 735, 45 L.Ed. 1009. Petitioner's contention that the district court did not award alimony is not supported by the terms of the decree. It described the provision as made 'in lieu of all other alimony or interest in the property or estate of the defendant.' However designated, it was a provision for annual payments to serve the purpose of alimony, that is, to assure to the wife suitable support. The fact that the provision was to be in lieu of any other interest in the husband's property did not affect the essential quality of these payments. Upon the pre-existing duty of the husband the decree placed a particular and adequate sanction and imposed upon petitioner the obligation to devote the income in question, through the medium of the trust, to the use of his divorced wife."

The taxpayer contends on the authority of Commissioner v. Tuttle, 6 Cir., 89 F.2d 112 that he is not subject to a tax on the income paid to his wife pursuant to said trust agreement. He argues that his case involves simply a property settlement, that no question of alimony is involved. This does not appear to be a proper interpretation to place upon taxpayer's agreement with his wife, and the decree of the Court. While it is true that no mention is made in said decree of alimony, it is clear from the nature of the agreement that provision was being made for the wife's continuing support rather than for a division of property. The wife was only given a life estate, which militates against the latter construction. Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665. However designated, it was a provision for annual payments to serve the purpose of alimony, that is, to assure the wife suitable support. The question is not whether the taxpayer's agreement was one for the payment of alimony or for the settlement of property rights between himself and his wife, but is whether he has established by clear and convincing proof that Michigan law and the alimony trust have given him a full and final discharge of his obligation to his divorced wife. Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087. The agreement of the parties incorporated in the court's decree specifically provided in the event the stock placed in trust should become worthless and the earning power of the taxpayer should reasonably warrant, he should pay his divorced wife $50 per month. It is immaterial that this obligation, whether contractual or otherwise, was contingent. It also provided that in the event the dividends exceeded $2.50 per share in any calendar year a portion of the excess should be used for the support, education and maintenance of their minor daughter, whom plaintiff agreed to support and in law was bound to support.

The decree ordered plaintiff to "faithfully perform and fulfill the covenants by him to be performed as in said agreement provided." That is, plaintiff was ordered to create the trust, etc., and nowhere in said agreement is plaintiff discharged from his obligation to support and maintain his wife, but, on the contrary, it is clear that there is a continuing obligation on him to support his wife and the two children. The decree is capable of being amended at any time, under Section 12748, Compiled Laws of Michigan 1929.

It is therefore clearly apparent that the income from the trust is used to discharge plaintiff's obligation to support his wife; that he has not been finally, completely, and absolutely discharged from said obligation by virtue of the creation of said trust or by virtue of said agreement, or by decree of the court, but, on the contrary, it is a continuing one and, therefore, under the rule of Douglas v. Willcuts, supra, Helver-

266

ing v. Fitch, supra, and Helvering v. Leonard, supra, it is clearly established that plaintiff is subject to the tax thereon. An order will be entered dismissing plaintiff's cause of action.