In re Ford Stephens, Bankrupt.

Ford STEPHENS, Appellant (Defendant),

v.

Elizabeth STEPHENS, Appellee
(Plaintiff),

and

United States of America, Intervenor.

No. 78–00013.

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 5, 1979.

Carr L. Kinder, Roanoke, Va., for appellant.

Haney H. Bell, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for appellee.

E. Montie Tucker, Asst. U. S. Atty., Roanoke, Va., for intervenor.

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

■ This is an appeal from the bankruptcy court to the district court by the bankrupt, Ford Stephens, from a determination by the Bankruptcy Judge, that $31,140.00 for past due alimony was not dischargeable by virtue of § 17a(7) of the Bankruptcy Act, Title 11 U.S.C. § 35a(7) which provides in relevant part that a discharge releases a bankrupt from all provable debts except such as "[are] for alimony due or to become due, or for maintenance or support of a wife or child . . . ." The facts are not in dispute. The bankrupt and his wife, Elizabeth Stephens, obtained a final divorce in the State of Connecticut. The Connecticut court also entered an order directing appellant, Ford Stephens, to pay alimony. Appellant became in arrears in the payments, and in a proceeding instituted in the Circuit Court for the City of Roanoke, the city of appellant's residence, the arrearage was found to be $31,140.00. The sole issue on appeal is "[w]hether 17a(7) of the Bankruptcy Act violates the Due Process Clause of the Fifth Amendment to the United States Constitution in that it makes an invalid gender-based distinction by denying men, but not women, the benefits of discharge from indebtedness for alimony obligations."

Appellant, bankrupt, contends that § 17a(7) of the Bankruptcy Act violates the Due Process Clause of the Fifth Amendment in that it permits females but not males to discharge in bankruptcy support and maintenance payments. The Bankruptcy Judge found that "the reference to 'wife' [in § 17a(7)] would be of no real significance inasmuch as § 1(33) can be read to include both genders." Title 11 U.S.C. § 1(33) provides that "[w]ords importing the masculine gender may be applied to and include all persons." [1] Appellant argues, however, that while the word "husband" may be read as "wife" pursuant to § 1(33) of the Bankruptcy Act, neither that section nor General Rules of Statutory Construction allows the word "wife" to be transmuted to "husband." Appellant, also relies on *In Re Wasserman*, 3 Bank.Ct. 467, 469 (Bank.Ct.R.I.1977), wherein the Bankruptcy Judge reasoned that § 17a(7) was enacted with the intent to deprive only husbands of discharge from support and maintenance obligations and concluded that it was an invalid gender-based classification having no "fair and substantial relation to the objective . . ." of the Bankruptcy Act.

The court finds without merit the bankruptcy court's premise in *In Re Wasserman, supra,* and appellant's contention in this case that a wife's support and maintenance obligations are dischargeable in bankruptcy.[2] Accordingly, the bankrupt's challenge to § 17a(7) is rejected. Irrespective of § 17a(7), alimony, maintenance, and support, are not dischargeable as they are not debts within the purview of the Bankruptcy Act. *Audubon v. Shufeldt*, 181 U.S. 575, 578, 21 S.Ct. 735, 45 L.Ed. 1009 (1901); *Melichar v. Ost*, 445 F.Supp. 1162 (D.Md. 1977). Rather, they are affirmative obligations attendant to the marital relationship which continue upon marital dissolution:

Alimony does not arise from any business transaction but from the relation of marriage. It is not founded on contract, express or implied, but on an actual and legal duty of the husband to support the wife. The general obligation of support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by the court at any time, as the circumstances of the parties may require. The decree of a court of one state, indeed, for the present payment of the definite sum of money as alimony, is a record which is entitled to full faith and credit in another state and may therefore, be there enforced by suit. [Citations omitted.] In other respects, alimony cannot ordinarily be enforced by an action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife than by a court of different jurisdiction.

*Audubon v. Shufeldt, supra,* 181 U.S. 577–578, 21 S.Ct. 736. In *Wetmore v. Markoe,* 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904) it was maintained that the enactment in 1903 of the provision which is now § 17a(7) amounted to ". . . legislative recognition of the fact that, prior to the passage of the amendment, judgments for alimony would be discharged." *Id.* 76, 25 S.Ct. 175. In rejecting this contention, the court stat-

---

1. The Bankruptcy Court in *In Re Pinkerton*, 4 Bank.Ct. 182, 186 (Bank.Ct.S.D.Tex.1978) reached a similar result reading wife to mean spouse in order to effectuate the intent of Congress.

2. In *Orr v. Orr*, 351 So.2d 906 (Ala.1977) *probable jurisdiction noted,* 436 U.S. 924, 98 S.Ct. 2817, 56 L.Ed.2d 767 (1978), the Alabama Supreme Court found constitutional under the Equal Protection and Due Process Clauses of the Fourteenth Amendment an alimony statute which provides that a court can, in its discretion, award alimony to a divorced wife but which makes no allowance for a divorced husband. That case was argued before the U. S. Supreme Court on November 27, 1978. Given this court's disposition of this case, however, it is unnecessary to await that decision.

**54**

ed that in view of the construction it placed on the Bankruptcy Act in *Audubon v. Shufeldt, supra,* the amendment ". . . may be said to be merely declaratory of the true meaning and sense of the statute." *Id.* 77, 25 S.Ct. 175. That is, § 17a(7) is merely declaratory of the principle that alimony, support, and maintenance are marital obligations which were not intended by Congress to be treated as debts.[3] If § 17a(7) had been enacted subsequent to the various statutory and decisional changes equalizing the husband's and wife's support obligations, an argument would exist that the section inferentially evinces congressional intent to permit discharge of a wife's obligation by expressly recognizing the continuing support obligation of the husband only.[4] It was enacted, however, at a time that most states imposed no support obligations upon the wife. Consequently, a wife had no support obligation in need of clarification *vis-a-vis* the discharge provisions of the Bankruptcy Act. The wife's obligation has now been made apparent, however, by a majority of the state legislatures, *see Thaler v. Thaler,* 89 Misc.2d 315, 391 N.Y.S.2d 331, 338 (1978), including both Virginia[5] and Connecticut,[6] where the decree was entered. Given the rationale of *Audubon* there is no reason to believe that a discharge in bankruptcy would relieve her of these newly created obligations. Accordingly, appellant's conclusion that the Bankruptcy Act violates the Due Process Clause of the Fifth Amendment to the United States Constitution must fall with his premise that women but not men may be discharged in bankruptcy from support or maintenance obligations.

The judgment of the Bankruptcy Court is affirmed.

**3.** According to the Supreme Court, this is true irrespective of whether the obligation is in arrears and is, therefore, fixed, or whether it is prospective only. *See Wetmore v. Markoe,* 196 U.S. 68, 74–77, 25 S.Ct. 172, 49 L.Ed. 390 (1904).

**4.** The Bankruptcy Act of 1978, 92 Stat. 2549, Title 11 U.S.C. § 101 et seq., which, with certain exceptions, becomes effective on October

1, 1979, Title 11 U.S.C. § 101, is worded so as to avoid any problems in construction, making it clear that neither a husband's nor a wife's support obligation is discharged in bankruptcy. Title 11 U.S.C. § 523(a)(5).

**5.** Va.Code Ann. §. 20–107 (Supp.1977).

**6.** Conn.Gen.Stat. § 46–52.