In re Frederick William EVANS, Frederick William Evans, f/d/b/a Port City Pick-Up Van & Four Wheel Drive Center; Frederick William Evans, f/d/b/a E & R Enterprises, Inc., Bankrupt.

Glenda Diane EVANS, Plaintiff,

v.

Frederick William EVANS, Defendant.

Bankruptcy No. 79–00631.

United States Bankruptcy Court,
S. D. Alabama.

May 9, 1980.

Robert C. Wilson, Mobile, Ala., for Bankrupt.

Herndon Inge, III, Mobile, Ala., for Glenda Diane Evans.

## ORDER ON COMPLAINT

WILL G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 9th day of May, 1980, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Complaint of Glenda Diane Evans (Glenda) against Frederick William Evans (Frederick), the bankrupt, seeking to have a certain indebtedness owed by the bankrupt to the plaintiff determined to be nondischargeable under the provisions of Section 17a(7) of the Bankruptcy Act and for other relief; summons and notice of trial having been regularly issued and served; and Glenda having appeared by and through Herndon Inge, III, her attorney; and the bankrupt having appeared by and through Robert Wilson, his attorney; and evidence having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

On November 15, 1978 in the case of *Glenda Diane Evans v. Frederick William Evans*, Case No. DR 78–503098 in the Circuit Court of Mobile County, Alabama, a Judgment of Divorce was entered which provided in part that, an agreement having been entered into between the parties, said agreement was ratified and confirmed by the Court; and the Court decreed that:

The custody of the two minor children of the parties was awarded to the wife.

The husband was to pay to the wife, as child support, the sum of $175.00 per month per child; and also be responsible for all medical and dental expenses of the minor children.

The wife was to retain as her property a 1975 Volvo automobile and the husband was required to pay the mortgage due thereon.

The husband was to retain as his property a 1976 Ford Quadravan and to pay the mortgage due thereon.

The wife was to keep as her property all furniture, furnishings and appliances in the home, except certain listed items.

The parties were to equally divide any 1977 federal or state income tax refund.

The husband was to purchase and maintain at least $50,000.00 in term life insurance on his life, designating the wife as beneficiary, until the youngest child reaches majority.

The husband was to pay all debts of the marriage and hold the wife harmless therefor, except that the wife was responsible for any unpaid balance on the Sears and Gayfers charge accounts as of the date of the divorce.

The wife waived all rights she had to alimony; therefore, no order was made thereto.

The defendant was to pay $350.00 as the wife's attorney's fee, together with costs.

At the time of the divorce three (3) separate notes and security agreements were outstanding at the Merchants National Bank. The husband and wife were jointly liable on these notes, totaling in excess of

$12,000.00. One of the notes was secured by the 1975 Volvo automobile; and the other notes were secured by vehicles belonging to the husband.

Subsequent to the divorce the parties, by agreement with the Bank, restructured the loans so that Mrs. Evans would individually be liable on the note for which the Volvo stood as security, and Mr. Evans would individually be liable on the loans for which the vehicles owned by him stood as security.

After the alteration of the liability to the Bank on the loans and the execution of the new notes, Mr. Evans orally agreed to pay Mrs. Evans' car note; but no written agreement was executed.

While the marriage was in existence, Mr. Evans incurred a business obligation to Martin Industries (Martin). Mrs. Evans was in no way liable for this indebtedness. After the divorce, Martin filed suit in the State Court against both Mr. and Mrs. Evans. Neither was personally served with process, but the Court records indicated that personal service was had on each of them. Default judgments were obtained by Martin against Mr. and Mrs. Evans, separately.

On June 26, 1979 Mr. Evans filed his voluntary petition in bankruptcy and listed therein his ex-wife as a creditor for debts owed to her under the divorce decree.

Within the time allowed by order of the Court, Mrs. Evans filed her Complaint objecting to the dischargeability of these obligations.

## CONCLUSIONS OF LAW

*The Constitutional Question :*

■ Upon noting the constitutional challenge of the husband to Section 17a(7) of the Bankruptcy Act, the Court certified the fact to the Attorney General of the United States in accordance with the provisions of 28 U.S.C. § 2403. Through the United States Attorney for the Southern District of Alabama, the Attorney General has advised the Court that his intervention in the proceeding is not warranted.

Section 17a(7) of the Bankruptcy Act provides that:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (7) are for alimony due or to become due, or for maintenance or support of a wife or child * * *."

The bankrupt (husband) contends that this provision of the Bankruptcy Act is unconstitutional in that it creates an invalid gender-based distinction which violates the due process clause of the Fifth Amendment of the United States Constitution; and relies upon the case of *Matter of Wasserman* (*Lorna S. Schiffman v. Allan Wasserman*), 13 Collier Bkcy. Cases 611 (BJ, D/R.I., 1977), which so held.

In the intervening period *Wasserman* has been criticized, distinguished and evaded on various grounds by a number of jurisdictions.

See: *In re Stephens* (*Elizabeth Stephens v. Ford Stephens*)
18 Collier Bkcy. Cases 170 (BJ, WD/Va.–1978)
Afrd: 465 F.Supp. 52; 19 Collier Bkcy. Cases 729 (DJ, WD/Va.–1979)
*Matter of Crist* (*James F. Crist, Jr. v. Jane S. Crist*)
460 F.Supp. 891 (DJ, ND/Ga.–1978)
18 Collier Bkcy. Cases 718
*In re Stolber* (*Robert Lincoln Stolber v. Eleanor Stolber*)
21 Collier Bkcy. Cases 7 (BJ, ED/Pa.–1979)

At the time of the divorce in this case, the Statutes of Alabama provided for the allowance of alimony and support and maintenance in favor of the wife, but not in favor of the husband.
Code of Alabama, 1975, Sec. 30–2–50 thru 53

In 1979 the Supreme Court of the United States declared the Alabama alimony statutes unconstitutional as violative of the equal protection provisions of the United States Constitution.
*Orr v. Orr*
440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979)

Upon remandment of *Orr*, the Court of Civil Appeals of Alabama neutrally extended the alimony rights under the Alabama Statutes to needy husbands as well as wives on the basis that, given a choice of abolishing alimony altogether or making it available to husbands in appropriate cases, the legislature of Alabama, in the court's opinion, would choose the latter alternative.

*Orr v. Orr*
374 So.2d 895 (Ala.Civ.App.–1979) cert. den. 374 So.2d 898 (Ala.–1979)

The remedy adopted by the Court of Civil Appeals of Alabama was approved by the Supreme Court of the United States in the case of *Welsh v. U. S.*, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) wherein it was stated:

"Where a statute is defective because of underinclusion there exist two remedial alternatives: a court may either declare it a nullity and order that its benefits not extend to the class that the legislature intended to benefit, or it may extend the coverage of the statute to include those who are aggrieved by exclusion." (Citations omitted) 398 U.S. at 361, 90 S.Ct. at 1808, Harlan, J. concurring.

*See also*:
*Califano v. Goldfarb*
430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977)
*Weinberger v. Wiesenfeld*
420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975)
*Levy v. Louisiana*
391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1965)
*White v. Crook*
251 F.Supp. 401 (MD, Ala.–1966)
*Beal v. Beal*
388 A.2d 72 (Me., 1978)

It is appropriate to note that following the *Orr* decision after remandment the Legislature of Alabama amended the Alabama alimony statutes so as to remove the gender-based distinction and to provide that the trial judge could order an allowance for alimony or support and maintenance to "either spouse".

Acts of Alabama, 1979, No. 79–486, effective July 27, 1979

Given the nature and substance of the statute excepting alimony and support and maintenance from the release of a discharge in bankruptcy and the statute's relevant economic, social and historical implications; and given the alternative of terminating its benefits to the class of persons whom Congress intended to benefit, it is the opinion of this Court that its benefits should be neutrally extended to cover husbands as well as wives.

The above determination is bolstered by the fact that when Congress enacted the Bankruptcy Reform Act of 1978, it removed the gender-based distinction and provided that the discharge was not effective as to debts owed to "a spouse" for alimony to, maintenance for, or support of the spouse.

11 U.S.C. § 523(a)(5)

*The Merits*:

Having disposed of the constitutional question, it becomes necessary to determine which, if any, of the obligations imposed on Mr. Evans are non-dischargeable.

Since the wife specifically waived "alimony" as set out in the decree of divorce, only liabilities for "maintenance and support" are involved.

The bankrupt concedes that the payments of $175.00 per month per child and his responsibility for their medical and dental expenses are non-dischargeable. Likewise, he concedes that his liability for the wife's attorney's fee in the amount of $350.00 is non-dischargeable.

By agreement of the parties, given the constitutional effectiveness of the statute, the issues are narrowed to the following:

1. Whether the debt to Martin Industries, made effective against Mrs. Evans by virtue of the default judgment entered against her, is saved from discharge as a "debt of the marriage" which the husband was obligated to pay under the divorce decree?

2. Whether the obligation of Mr. Evans to pay the mortgage debt on the Volvo

automobile awarded to Mrs. Evans, and to hold her harmless therefor; as amended by subsequent agreements between the parties is dischargeable?

3. Whether the obligation of Mr. Evans to purchase at least $50,000.00 of insurance on his wife, naming his ex-wife as beneficiary, and to keep the same in full force and effect until the youngest child reaches majority is dischargeable?

The plaintiff has the burden of establishing that the liability involved constitutes support and maintenance within the provisions of Section 17a(7) of the Bankruptcy Act.

*In re Beard (Peggy Kay Waymack v. Ricky Paul Beard)*
19 Collier Bkcy. Cases 284 (SD, Iowa–1978)

*In re Smith*
436 F.Supp. 469 (ND, Ga.–1977)

■ Liabilities which are not alimony, or support and maintenance, but are part of a property settlement, are dischargeable.

*In re Beard*, supra

■ The obligation of the husband to pay "debts of the marriage" or to pay obligations owed to particular creditors which were not incurred for necessaries is in the nature of a property settlement and does not constitute maintenance and support of the wife.

*Thompson v. Thompson*
282 Ala. 248, 210 So.2d 808 (1968)

*In re Francisco*
1 B.R. 565 (BC, WD, Va.–1979)

*In re Beard, supra*

■ Therefore, the debt to Martin Industries, if, indeed, it was a "debt of the marriage" was dischargeable; and was not rendered non-dischargeable by virtue of the wife's failure to adequately protect her legal rights in the state courts.

■ Likewise, the obligation to pay the mortgage debt on the motor vehicle awarded to the wife does not constitute support and maintenance. As stated by the Court of Civil Appeals of Alabama:

"The payment of the debts of the marriage was already the legal obligation of the husband, including payment for the automobile given the wife. The latter should be classified as a division of property." *Haynes v. Haynes*
.360 So.2d 1016 (Ala.Civ.App.–1978)

The subsequent agreement of the parties to divide the obligation due to the Bank and to execute separate notes therefor, emphasizes that this was indeed a property settlement; and the bankrupt's obligation in regard to the debt due on the wife's auto is dischargeable.

■ The obligation of the bankrupt to procure and maintain insurance on his life, however, is of a different character. It is obviously intended to protect the children and to provide for their support and maintenance in the event their father died before completing the payments required of him for that purpose. I conclude that this is a non-dischargeable obligation and liability.

A judgment in accordance with this Opinion will be separately entered in conformity with the provisions of Bankruptcy Rule 921.

### JUDGMENT

This proceeding came on for trial before the Court, and the issues having been duly tried and a decision having been duly rendered;

IT IS ORDERED and ADJUDGED that:

1. The relief sought in the Complaint of Glenda Diane Evans be, and the same hereby is, GRANTED IN PART; and the following obligations and liabilities of Frederick William Evans, arising from the divorce of the parties are hereby determined to be non-dischargeable under Section 17a(7) of the Bankruptcy Act:

A. The obligation to pay to his ex-wife as child support, the sum of $175.00 per month per child; as well as all medical and dental expenses of the minor children.

B. The obligation to purchase and maintain at least $50,000.00 in term life insurance on his life, designating his ex-wife as

beneficiary, until the youngest child reaches majority.

C. The obligation to pay $350.00 as his ex-wife's attorney's fee.

2. All other obligations of Frederick William Evans under the divorce decree entered by the Circuit Court of Mobile County, Alabama on November 15, 1978 in Case No. DR 78 503098 are hereby determined and declared to be dischargeable in bankruptcy.