**In re Ferial LADAK, Debtor.**

**Bankruptcy No. 94–10625FGC.**

United States Bankruptcy Court,
D. Vermont.

Feb. 27, 1997.

D.F. Kelley, Orleans, VT, for Respondent Edward Barber.

D. Leahy, Obuchowski & Reis, Bethel, VT, for Debtor Ferial Ladak.

**Memorandum of Decision Granting Debtor's Motion for Sanctions Under 11 U.S.C. Section 362(a)(2)**

FRANCIS G. CONRAD, Bankruptcy Judge.

Debtor moves[1] for sanctions against her former spouse who attempted in state court, while the bankruptcy case was pending, to modify a prepetition divorce decree that established the property rights of the parties.

---

1. Our subject matter jurisdiction over this contested matter arises under 28 U.S.C. Section 1334(b) and the General reference to the Bankruptcy Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. Section 157(b)(2)(O). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52 as made applicable by F.R.Bkrtcy.P. 7052.

We grant the motion because Respondent's post-petition attempt to modify a prepetition divorce decree that established the property rights of the parties without the filing of an adversary proceeding in either the bankruptcy court or a state court with concurrent jurisdiction is a violation of the automatic stay.

## FACTS

Debtor and Respondent entered into a stipulation that was incorporated into a Final Divorce Decree issued by the Orleans Family Court on September 7, 1994. Debtor, a practicing medical doctor, agreed to assume responsibility for all joint marital debt and all debts of a jointly owned business known as Touch of Vermont, Inc. In the Final Divorce Decree, which was stipulated to by the parties, Debtor also agreed to hold Respondent harmless regarding the indebtedness. Like many former spouses who assume indebtedness and agree to hold the person they used to love harmless from the claims of creditors, the debtor here found post divorce life and circumstance forced her unwillingly into the forgiving arms of bankruptcy. By filing bankruptcy, Debtor shifted the substantial burden she had assumed onto the shoulders of Respondent. Respondent says he should not have to shoulder this burden.

Debtor filed her Chapter 7 petition on October 13, 1994, and received a discharge on March 24, 1995. This discharge was revoked pending the Trustee's Final Report and Account and Distribution. On August 27, 1996, Respondent filed a Vermont Rule 60(b)(6) motion in State Court seeking reconsideration of the parties' Final Divorce Decree. Neither party provided us with a copy of the Vermont Rule 60(b)(6) motion. Debtor says Respondent argues that the motion alleges the Final Divorce Decree is not equitable in light of Debtor's bankruptcy. Fried to its essence, Respondent's state court motion wants the property settlement encompassed in the Final Divorce Decree revisited by the state court because of Debtor's bankruptcy.

Earlier, in July, the Orleans Family Court denied Respondent's request to modify the rehabilitative maintenance he received under the Final Divorce Decree. We were provided with this pleading but do not understand its relevance to the matter before us. The motion was denied by the state court and even without the denial the rehabilitative maintenance was of brief duration. It ended or would have ended before the bankruptcy case was filed.

A cursory review of the Final Divorce Decree shows clearly that the hold harmless agreement was intended as a property settlement and not for support. We make this Section 523(a)(5) finding even though no adversary proceeding under 11 U.S.C. Section 523(a)(5) has been filed by or against Debtor in either this Court or State Court. We assume, without making a finding, that the reason Respondent filed in state court is because he cannot make use of newly enacted Section 523(a)(15) [2] because it was not effective when Debtor filed her petition.

## ARGUMENTS OF THE PARTIES

Debtor argues that Respondent's actions seeking post-petition relief in state court based on equitable grounds resulting from the discharge in bankruptcy of joint marital debt violates the automatic stay. Respondent says it is clear from a long line of cases that state family courts continue to retain jurisdiction relative to the support, maintenance, alimony and other provisions of a

2. Section 523(a)(15) provides: A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

family court order despite a debtor's bankruptcy petition or later discharge.

## DISCUSSION

The facts presented are not in dispute. Respondent frames the wrong issue, however, by focusing on jurisdiction rather than on the real issue, which is the property rights of the parties. As Abraham Lincoln once said to a jury at the end of a barge/bridge collision case, "There is no question that they (my learned opponents) have their facts absolutely right. But they have drawn completely wrong conclusions."[3] Like the bridge company lawyers, Respondent argues support, maintenance and alimony, but in state court he seeks to change or rearrange the property rights he and Debtor agreed to. If the facts matched Respondent's argument, we would be led to a different conclusion than the one we reach today.

Bankruptcy is an effective weapon to thwart or impede a divorce or undo the result obtained after a settled or contested divorce. The story line is classic. A couple in love builds a nest to buffer themselves against the outside world. Love lapses and divorce ensues. Nothing is more acrimonious than two individuals bringing their carefully knitted nest into the divorce courtroom after the love and trust has folded. The parties are, in many cases, as disconnected and attenuated as the North Pole is to Florida. Suddenly those worldly possessions, once freely shared without question, are clasped to the bosom in the hope of preserving them from this newly created stranger. Emerging from divorce, like a butterfly from a chrysalis, the newly divorced individuals seek a new life, but soon find the financial deal they struck or the decision of the divorce court is very difficult to live with. The division of assets starts to look like a lose/lose proposition. One spouse may be ordered to pay alimony or child support or both. One spouse or both may be obligated to make payments to third parties. There may be hold harmless agreements. Often, one spouse will be given a lien against property. The lien is often worthless or if it is not, it will not be reduced to cash for a long time. Under the laws of most states, creditors are not bound by a divorce decree and may pursue either party. Certainly the conversion of entirety property into a tenancy in common provides a capacious opportunity for creditors to conquer an already divided economic unit. One spouse finds that the required payments under the divorce decree cannot be made without great sacrifice and files bankruptcy. Typically, the spouse who files bankruptcy is the one obligated to pay alimony, child support and make the hold harmless payments; much like the case here.

Throughout the history of bankruptcy law in the United States, family support obligations survived a bankruptcy discharge. See *Audubon v. Shufeldt,* 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009 (1901) (Debts arising out of a husband's natural duty to support his wife are not dischargeable under the 1898 Act). Section 17(a) of the 1898 Act was amended to make the Supreme Court holding in *Audubon* pellucidly clear. Section 17(a) was carried over in the 1978 Code as Section 523(a)(5).[4] Section 523(a)(5) also leaves unchanged the well settled principal that obligations created by property settlements are divisions of property and are dischargeable in bankruptcy.

The authority to determine what constitutes dischargeable alimony, maintenance, support or property agreements have been assigned to both the bankruptcy and state courts. The interplay between the bankruptcy courts and the state courts under this concurrent jurisdiction scheme, especially with the enactment of Section 523(a)(15), has converted the bankruptcy courts into a family court and vice versa for the state courts.

---

**3.** For the rest of the story please refer to *Looking for Lincoln,* **U.S. News and World Report,** by Lewis Lord, February 17, 1997, at 62.

**4.** Section 523(a)(5) provides: A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State territorial law by a governmental unit, or property settlement agreement, ....

712

In spite of our role change, the Bankruptcy Court is still the Court that adjudicates debtor and creditor rights and the Family Court is still the Court that determines domestic matters. It is appropriate that both courts avoid incursions into the primary jurisdiction of the other. We seek that delicate line today.

In the instant case, Respondent seeks in state court a modification of debtor and creditor rights. There is no question that the hold harmless provision of the Final Divorce Decree in this case is a dischargeable property settlement, not a support provision. Dischargeability of debts is our primary jurisdiction and is not shared with the state family courts. Accordingly, we find Respondent has violated the automatic stay provisions of the Bankruptcy Code by seeking a modification of the divorce decree.

We caution against reading our holding as a case where the discharge of debts in bankruptcy may prohibit a state court from modifying a divorce decree concerning spousal maintenance or child support because of a material change in circumstances. There is no ongoing maintenance obligation flowing from Debtor to Respondent to modify here.

### Conclusion

Respondent has violated the Automatic Stay. The violation was not willful. It appears Respondent's counsel was testing for the existence of a bankruptcy mathematical singularity, a point at which space and time are infinitely distorted, where matter is infinitely dense, and where the rules of relativistic physics and quantum mechanics break down. In other words, a place where anything is possible. What he found instead is a bankruptcy black hole that has not yet collapsed from its own mass. Bankruptcy, despite popular belief, is not a place where everything goes. It has, at least in this instance, a jurisdictional standard that the discharge of property rights under a divorce decree must be decided within the strictures of an adversary proceeding. We see no need to order anything other than an injunction to stop Respondent from pursuing his state court action because the evidence of a black hole is necessarily indirect and something a respondent would avoid if it could be seen.